**Nuha M. HADDAD, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–3511.**

United States Court of Appeals, Sixth Circuit.

July 1, 2003.

Before: BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

### ORDER

Nuha M. Haddad, a native and citizen of Jordan, petitions for review of a Board of Immigration Appeals (BIA) order that summarily dismissed her appeal from a decision of the Immigration Judge. Haddad appealed the Immigration Judge's finding that she had abandoned her permanent resident status and was therefore excludable. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Haddad entered the United States in June 1987 as a permanent lawful resident. She returned to Jordan in August 1987 to care for her mother and the family home. Haddad taught school in Jordan from 1987 to 1994, and returned to the United States for intermittent periods. Upon her reentry in 1994, the INS began proceedings to exclude Haddad on the grounds that she had abandoned her permanent resident status. On September 2, 1997, the Immigration Judge decided that Haddad was excludable and deportable. Haddad filed a notice of appeal with the BIA and indicated that she would file a brief. The INS moved to dismiss the appeal after Haddad failed to file a brief by the deadline set by the BIA. The BIA dismissed Haddad's appeal summarily because of her failure to file a brief, and held that it was not persuaded that the Immigration Judge erred.

In her petition for review, Haddad argues that the BIA's review of the record of proceedings before the Immigration Judge was insufficient and erroneous. Haddad does not address her failure to file a timely brief with the BIA.

■ Upon review, we conclude that the BIA did not abuse its discretion when it dismissed Haddad's appeal. *See Rioja v. Ashcroft,* 317 F.3d 514, 515 (5th Cir.2003). When Haddad appealed to the BIA, she checked Box 6 on the Notice of Appeal (Form EOIR–26) indicating that she would file a separate written brief or statement in addition to the reasons for appeal accompanying the Notice of Appeal. Block 6 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if the appellant indicates that such a brief or statement will be filed and, "within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." Because Haddad failed to file a timely brief or explain her failure to do so as required by the BIA, the BIA did not abuse its discretion when it dismissed Haddad's appeal. *See Huicochea–Gomez v. INS,* 237 F.3d

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

696, 701 (6th Cir.2001); 8 C.F.R. § 1003.1(d)(2)(i)(E).

 We further conclude that Haddad's appeal lacked merit in any event. Haddad testified that, after she entered the United States in 1987, she returned to Jordan to care for her elderly mother and to ensure that the family home was not abandoned. With the exception of brief stays in the United States, Haddad lived in Jordan from 1987 to 1994 and worked as a teacher in the West Bank. Significantly, she remained in Jordan after her mother moved from Jordan to the United States and after her brother returned to Jordan. When she returned to the United States in 1994, she carried a return ticket to Jordan. The Immigration Judge concluded that Haddad's actions showed a lack of intent to establish the United States as her lawful permanent residence and that she had abandoned her permanent resident status. This decision was supported by substantial evidence. *See Aleem v. Perryman*, 114 F.3d 672, 676 (7th Cir.1997); *Matter of Huang*, 19 I. & N. Dec. 749, 753, 1988 WL 235431 (1988).

The BIA did not abuse its discretion when it summarily dismissed Haddad's appeal, and the appeal lacked merit in any event. For the foregoing reasons, we deny Haddad's petition for review.