NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0775n.06
Filed: October 18, 2006

**No. 05-1688**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **GHADA AHMED,** | ) | |
| | ) | |
| Petitioner, | ) | PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD |
| v. | ) | OF IMMIGRATION APPEALS |
| | ) | |
| **ALBERTO GONZALES,** Attorney General, | ) | **OPINION** |
| | ) | |
| Respondent. | ) | |

**BEFORE: COOK and McKEAGUE, Circuit Judges; and WILHOIT, District Judge.**[*]

**WILHOIT, District Judge.** Ghada Ahmed, a 36 year old female alien, seeks review of

the Board of Immigration Appeals' summary dismissal of her appeal of a removal order entered

against her in 2002. Petitioner entered the United States on April 8, 1996 as a permanent

resident conditioned upon her marriage to a U.S. citizen. That marriage resulted in the birth of

one child. After divorcing her husband, Petitioner sought to have the conditions removed on the

basis that she entered the marriage in good faith and divorced her husband only because he had

been abusive. She filed, pro se, a form I-751 Application to Remove Conditions on Resident

Status, which ultimately resulted in the Order of Removal challenged below. Because we find

the BIA's summary dismissal of the appeal was an appropriate exercise of its discretion due to

---

[*] The Honorable Henry R. Wilhoit, Jr., Senior United States District Judge for the Eastern
District of Kentucky, sitting by designation.

Petitioner's failure to file a promised brief, we affirm.

**I.**

Petitioner Ghada Ahmed, a native and citizen of Lebanon, sought review of an order of removal. Through counsel, Petitioner filed a timely Notice of Appeal, Form EOIR-26, ("Notice of Appeal") with the Board of Immigration Appeals ("BIA") on July 15, 2002. On the Notice of Appeal, Petitioner listed the reasons for her appeal in seven summary statements.

Item #6 on the Notice of Appeal Form EOIR-26 asks the person appealing to indicate if she "will" or "will not" "file a separate written brief or statement in addition to the 'Reasons for Appeal' written above or accompanying this form." Petitioner, through counsel, checked the box indicating that she would file a separate brief, with counsel's signature appearing below the box. Immediately below Item #6 appears the following warning, set off in a highlighted box:

> **WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

Immediately beneath this warning is a signature and date line, which was signed and dated by Petitioner's counsel.

By notice dated November 13, 2002, the BIA sent a briefing schedule to Petitioner's counsel, giving notice that he had until December 4, 2002, to submit a brief to the BIA. This notice also contained a similar warning:

> **WARNING:** If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file the brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal. *See* 8 C.F.R. § 3.1(d)(2)(i)(E).

On December 3, 2002, counsel for Petitioner requested an extension of time to file a brief. The BIA granted the request and mailed Petitioner's counsel a new briefing schedule, but no brief was submitted.

The INS then moved for summary dismissal due to the failure to file a brief, and in the alternative, the government sought to have the appeal dismissed on the merits. Petitioner did not respond to the government's motion. On December 5, 2003, the Board summarily dismissed the appeal for failure to submit an appellate brief, pursuant to the provisions of 8 C.F.R. § 1003.1(d)(2)(i)(E) (2006) and mailed notice of its decision to Petitioner's counsel. Petitioner now argues that the summary dismissal was inappropriate since the Notice of Appeal contained a specific statement of Petitioner's reasons for appeal. Thus, the precise question facing the Court is whether the BIA may summarily dismiss an appeal for failure to file a promised brief alone when the Notice of Appeal contains a specific statement of the reasons for appeal. This question has not yet been taken up in this circuit.

## II.

A summary dismissal of an appeal by the BIA is reviewed for an abuse of discretion. *See Esponda v. Attorney General,* 453 F.3d 1319, 1321 (11th Cir. 2006); *Singh v. Gonzales,* 416 F.3d

No. 05-1688    *Ahmed v. Gonzales*

1006, 1009 (9ᵗʰ Cir. 2005); *Rioja v. Ashcroft,* 317 F.3d 514, 515 (5ᵗʰ Cir. 2003)**.**

**III.**

Petitioner argues that the BIA's summary dismissal of the appeal for failure to file a promised brief was inappropriate because the reasons for the appeal were stated on the Notice of Appeal. Petitioner also points to the fact that the administrative record contained the brief submitted to the Immigration Judge. Neither fact is relevant to the question of the appropriateness of the Board's Summary Dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E) (2006). That section provides that a single Board member or panel may summarily dismiss an appeal or portion thereof in which

> "[t]he party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing."

8 C.F.R. § 1003.1(d)(2)(i)(E) (2006).

The trial brief previously submitted to the Immigration Judge is not the same as an appellate brief. The regulations make clear that "[b]riefs in support of or in opposition to an appeal from a decision of an immigration judge shall be filed directly with the Board." 8 C.F.R. § 1003.3(c)(1) (2006). Indeed, Petitioner had ample notice of her obligation to file an appellate brief and the potential for summary dismissal for failure to do so.

First, the Notice of Appeal Form EOIR-26 contained a clear and conspicuous warning immediately below Item #6, which Petitioner's counsel signed and dated. A similarly phrased and

equally conspicuous warning appeared on the BIA's Notice to Petitioner of the granting of

Petitioner's request for a briefing extension. Petitioner had further notice in the form of the

Government's brief to the BIA urging summary dismissal. Moreover, the very fact that Petitioner

requested a briefing extension from the BIA belies any supposition that Petitioner was unaware of

her obligation to file a separate appellate brief.

Additionally, the fact that the Notice of Appeal set forth the Petitioner's grounds for appeal

has no bearing on the appropriateness of the BIA's summary dismissal for failure to submit an

appellate brief. Petitioner argues that the summary dismissal was inappropriate in light of *Hassan*

*v. Gonzales,* 403 F.3d 429 (6th Cir. 2005), but this reliance is misplaced. *Hassan* involved an

affirmance without opinion where the Petitioner filed an untimely brief, and the BIA did not consider

the brief. The regulation in play in *Hassan* was 8 C.F.R. §1003.1(e)(4) (2006). The passage of the

opinion Petitioner cites in her brief is both dicta and utterly inapplicable to the instant situation.

Petitioner quotes the following:

> It is well established that the BIA 'may summarily dismiss
> any appeal or portion of any appeal in any case in which the
> party concerned fails to specify the reasons for the appeal on
> [the notice of appeal] or other document filed therewith.' 8
> C.F.R. 1003.1(d)(2)(i)(A). The purpose of this rule is to
> ensure that the alien 'provide meaningful guidance to the BIA
> by informing the BIA of the precise issues contested on
> appeal. This specificity requirement may be satisfied in one
> of two ways: by setting out the reasons on the Notice of
> Appeal itself or by filing a separate brief.'

403 F.3d at 433 (quoting *Garcia-Cortez v. Aschcroft,* 366 F.3d 749, 752 (9th Cir. 2004).

The specificity requirement discussed above originates in 8 C.F.R. § 1003.1(d)(2)(i)(A) (2006) and is entirely separate and distinct from the provision regarding failure to file a brief as indicated on the Notice of Appeal form. The present case concerns summary dismissal for failure to file a promised brief, which is provided in 8 C.F.R. § 1003.1(d)(2)(i)(E) (2006) and which *Hassan* simply did not discuss.

The question presented by this case is this: is it an abuse of discretion to summarily dismiss for failure to file a supplementary brief alone, irrespective of whether the Notice of Appeal adequately sets out the basis for the appeal? This Circuit has yet to answer this precise question.

The Sixth Circuit has held, in an unpublished opinion, that dismissal for failure to submit a brief as promised in the Notice of Appeal Form is well within the discretion of the BIA. *Haddad v. INS*, 69 Fed. Appx. 280 (6th Cir. 2003). However, there is no mention of whether the Petitioner in *Haddad* had specified the reasons for appeal on the Notice of Appeal Form.

The Fifth Circuit has held, in *Rioja v. Ashcroft*, 317 F.3d 514 (5th Cir. 2003), that BIA was within its statutorily designated discretion to dismiss an appeal after the Petitioner indicated on the Notice of Appeal form that a separate brief or statement would be filed and then failed to submit such a brief or statement. However, the facts in *Rioja* did not indicate that the Petitioner there had set forth his reasons for appeal on the face of the Notice of Appeal form.

The reasoning urged by Petitioner is that the dismissal was an abuse of discretion since the BIA had the information it needed to decide the merits of her appeal. But Petitioner's logic conflates the specificity requirement with the obligation to file a brief when promised on the Notice of Appeal. As discussed above, the two requirements exist independently of one another.

We now follow the Fifth Circuit in holding that failure to file a supplementary brief alone may be and is here an adequate ground for summary dismissal. Regardless of what grounds are stated in the Notice of Appeal, if an alien indicates on the Notice of Appeal that a separate brief will follow and thereafter fails to submit such brief or any explanation for such failure, the BIA is within its discretion to summarily dismiss the appeal. The plain language of the regulations justifies such a conclusion. The mere fact that reasons for the appeal are stated on the Notice of Appeal does not necessarily shield an appeal from summary dismissal for failure to file a brief under 8 C.F.R. § 1003.1(d)(2)(i)(E) (2006).

In this case, the BIA did not abuse its discretion in summarily dismissing Petitioner's appeal. Petitioner had ample notice of her obligation to file a brief as indicated in Item #6 on the Notice of Appeal Form as well as the possibility of summary dismissal for failure to do so. Additionally, the regulations provide avenues of relief where an alien fails to file a promised brief.

Specifically, the regulation at issue allows for lenity for an alien to offer a reasonable explanation for a failure to file a brief. 8 C.F.R. § 1003.1(d)(2)(i)(E) (2006). Petitioner's appeal was

pending before the BIA for over a year before the summary dismissal. At no time during this period did Petitioner ever offer any explanation for the failure to file a brief. Petitioner likewise did not respond to the government's Motion for Summary Dismissal for failure to file a brief. Moreover, the regulations provide for other, post-dismissal remedies. Section 1003.2 allows the BIA, either on its own motion or upon motion of the alien, to reopen or reconsider any case in which it has rendered a decision. 8 C.F.R. § 1003.2 (2006). Again, Petitioner did not pursue either of these avenues.[2]

For the forgoing reasons, we **AFFIRM** the BIA's summary dismissal of Petitioner's appeal, and because we affirm the dismissal on procedural grounds, we need not address Petitioner's arguments on the merits.

---

[2]However, at oral argument, counsel for Respondent represented that Petitioner may still move the BIA to reopen her case based upon the ineffective assistance of counsel.