RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0329p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

NERY MARICELA PINEDA-GUERRA; SANTOS
HUMBERTO MARTINEZ GUERRA; YANCI CAROLINA
MARTINEZ-PINEDA,

                              *Petitioners,*

    *v.*

PAMELA BONDI, Attorney General,

                              *Respondent.*

> No. 25-3081

─────────────

On Petition for Review from the Board of Immigration Appeals.
Nos. A 202 134 535; A 206 624 401; A 206 624 402.

Decided and Filed: December 3, 2025

Before: MOORE, THAPAR, and RITZ, Circuit Judges.

─────────────

**COUNSEL**

─────────────

**ON BRIEF:** Nathan R. Bogart, BOGART, SMALL + DUELL, Fayetteville, Arkansas, Laura K. Ferner, CROUCH | HARWELL | FRYAR | FERNER, Springdale, Arkansas, for Petitioners. Colin J. Tucker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

**OPINION**

─────────────

RITZ, Circuit Judge. After an immigration judge denied petitioners' application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), they appealed to the Board of Immigration Appeals ("BIA"). The petitioners timely submitted a brief in support of their appeal, but the BIA rejected the brief because it listed an address for

their attorney that was different from the address provided on the attorney's notice of appearance. So petitioners re-submitted their brief and moved the BIA to accept the now-late filing, but the BIA denied that request. The BIA then summarily denied petitioners' appeal, on the basis that they did not file a supporting brief when they indicated they would.

Petitioners petition for review of the BIA's rejection of their brief and denial of their appeal. Because the BIA abused its discretion, we grant the petition for review.

I.

Petitioners Nery Maricela Pineda-Guerra, Santos Humberto Martinez Guerra, and Yanci Carolina Martinez-Pineda, citizens of El Salvador, entered the United States in 2014. Shortly after, the Department of Homeland Security initiated removal proceedings against them. All three petitioners conceded removability but applied for asylum, withholding of removal, and protection under the CAT. The immigration court denied these applications on March 22, 2022.

Petitioners appealed the immigration court's decision to the BIA on April 21, 2022. In their notice of appeal, petitioners indicated their intent to file a separate written brief or statement in support of their appeal. Their attorney also filed a notice of appearance using Form EOIR-27, which listed her address as P.O. Box 5, Springdale, Arkansas 72765. The BIA issued a briefing schedule on March 6, 2024, ordering petitioners to file their brief by March 27, 2024. Petitioners filed a motion to extend their briefing deadline, which the BIA granted, extending the deadline to April 17, 2024.

On that date, April 17, 2024, petitioners filed their brief with the BIA. When petitioners' attorney filed the brief, she listed her physical address of "111 Holcomb Street, Springdale, AR 72765," rather than her post office box, but both addresses were valid addresses at which the attorney could receive mail. AR 6, 11.

The BIA rejected petitioners' brief, explaining the "Form EOIR-27 or From [sic] EOIR-60 [was] missing or incomplete" and stating: "The attorney address we have in Case [sic] is different than the address on the brief." AR 11. The BIA directed petitioners to "include an E-27 with new address." *Id.* Petitioners filed a second brief, received by the BIA on May 8,

2024, listing their attorney's address as P.O. Box 5, Springdale, Arkansas 72765, as provided on their attorney's Form EOIR-27. But the BIA rejected this brief as untimely, explaining that petitioners needed to re-file their brief with a "motion for consideration of [their] late-filed brief." AR 9.

Petitioners filed a third brief along with a motion to accept late filing, which were received by the BIA on May 20, 2024. Six months later, on November 19, 2024, the BIA denied petitioners' motion to accept the brief, on the basis that petitioners' "rationale . . . [was] insufficient" and the "request [did] not warrant the [BIA's] exercise of discretion [under] 8 C.F.R. § 1003.3(c)(1)." AR 4. Then, a couple months later, the BIA summarily dismissed petitioners' appeal, because even though petitioners indicated they would file a separate written brief or statement in support of their appeal, they "did not file such brief or statement." AR 3. Petitioners filed a timely petition for review.

## II.

We review the BIA's decision for abuse of discretion. *Yousif v. Garland*, 53 F.4th 928, 936 (6th Cir. 2022). "The BIA abuses its discretion if its decision was made 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination.'" *Id.* (quoting *Ishac v. Barr*, 775 F. App'x 782, 789 (6th Cir. 2019)). Petitioners appeal the BIA's rejection of their supporting brief and denial of their appeal due to failure to provide a brief, arguing the BIA abused its discretion. We agree.

## A.

The BIA may summarily dismiss an appeal where a petitioner indicates on a notice of appeal from a decision of an immigration judge that "he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E); *see also Ahmed v. Gonzales*, 198 F. App'x 517, 520 (6th Cir. 2006). Here, petitioners submitted a brief in support of their appeal, but the BIA rejected petitioners' brief because the address on their attorney's notice of appearance was "different than the address on the brief." AR 11.

No such requirement appears in the BIA's rules or procedures. The BIA is authorized to "prescribe procedures governing proceedings before it," 8 C.F.R. § 1003.1(d)(4), and "provides official guidance to parties and counsel who appear before [it]" in the BIA Practice Manual. *Bulatovic v. Holder*, 351 F. App'x 978, 980 (6th Cir. 2009). That manual instructs applicants to "comply with the instructions on the Notice of Appeal (Form EOIR-26)" and submit certain supporting documents, including a cover page. BIA Practice Manual §§ 3.3(c)(1)(A), (c)(6); § 4.6(c)(3). The manual also states the cover page "should include a caption" that lists "the name and address of the filing party." BIA Practice Manual § 3.3(c)(6). A sample cover page provided in the manual notes "the [attorney] should provide his or her name and complete business address." BIA Practice Manual Appx. E. In any event, the BIA's Practice Manual "does not carry the weight of law or regulation." BIA Practice Manual § 1.1(c).

Here, although petitioners' brief included an address for their attorney that was different from that listed on her notice of appearance, the address on the brief was a physical address where the attorney could validly receive mail. And nothing in the BIA Practice Manual, notice of appeal form, or regulations say that this address needed to match the address provided on the attorney's notice of appearance or that failing to do so might result in rejection of the brief. Where the BIA creates a requirement and failure to adhere to that requirement could result in rejection or dismissal of a filing, the BIA makes this clear. *See, e.g.*, BIA Practice Manual § 4.16(a), (d) ("Under certain circumstances, the Board is authorized to dismiss an appeal without reaching its merits. See 8 C.F.R. § 1003.1(d)(2)(i) . . . . An appeal can also be summarily dismissed for the following reasons . . . ."), § 5.8(b) ("The Board may deny a motion to remand where the evidence was discoverable at an earlier stage in the proceedings, is not material or probative, or is otherwise defective."); Form EOIR-26 General Instructions ("Your appeal may be rejected or dismissed if you fail to properly complete the 'Proof of Service' [section]."); *see also* 8 C.F.R. § 1003.1(d)(2)(i)(A) (stating that BIA may dismiss any appeal where "[t]he party concerned fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith"). Indeed, in at least one instance, the BIA has accepted a brief where the attorney's address on the notice of appearance did not match that listed on a petitioner's brief. *See Tobeth-Tangang v. Gonzales*, 440 F.3d 537, 538 (1st Cir. 2006) ("[P]etitioner's counsel filed a brief with the BIA. The signature block

contained a different mailing address than the address noted on his entry of appearance. On March 26, 2003, the BIA affirmed." (footnote omitted)).

In another case, under different circumstances, the BIA might be justified in demanding a perfect match of mailing addresses on the notice of appearance form and brief, especially if its requirements were more explicitly communicated to petitioners than they were here. But on this record, and by departing from established policies without articulating a reasoned basis for doing so, the BIA abused its discretion by refusing to accept petitioners' brief.

## B.

The BIA summarily rejected petitioners' appeal because they failed to file a timely brief. But as discussed above, they did file a timely brief. Summarily rejecting petitioners' appeal when they filed a timely brief is irrational and "inexplicably depart[s] from established policies." *Yousif*, 53 F.4th at 936. Accordingly, the BIA abused its discretion in rejecting the appeal on this sole basis.

## III.

For the foregoing reasons, we grant the petition for review and reverse the BIA's order rejecting petitioners' April 17, 2024 brief and order summarily denying their appeal.