[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15750
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2009
THOMAS K. KAHN
CLERK

Agency No. A078-741-716

HUSSEIN ABDUAL HADI AHMAD AL-SHISHANI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 29, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Hussein Abdual Hadi Ahmad Al-Shishani, proceeding *pro se*, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him removable, dismissing his application for asylum, and denying both his application for withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

On appeal, Al-Shishani argues, first, that we should waive the one-year deadline for filing an asylum application, due to extraordinary circumstances. Second, Al-Shishani argues that his hearing before the IJ was fundamentally unfair because (i) the IJ was biased against him; (ii) he was not notified of a change in the asylum hearing date; (iii) he was not properly served with a notice to appear ("NTA"); (iv) he was physically and mentally ill during the hearing; and, (v) the interpreter was inadequate. Third, he challenges the BIA's denial of his second motion to extend the briefing deadline and its refusal to accept his late-filed brief. Finally, he challenges the IJ's adverse credibility finding and the denial of his withholding of removal and CAT claims.

I.

We review our subject matter jurisdiction *de novo*. *Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1280 (11th Cir. 2007). An alien can apply for asylum if he

2

"demonstrates by clear and convincing evidence that the application has been filed within [one] year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). The BIA may consider a late application "if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within [one year]." 8 U.S.C. § 1158(a)(2)(D).

Section 1158(a)(3), however, divests us of jurisdiction to review any such determination. 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination . . . under paragraph (2)."); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). In addition, we have held that § 106(a)(1)(A)(ii) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310, which amended the INA to provide for appellate jurisdiction over "constitutional claims or questions of law," did not affect our prior precedent addressing our jurisdiction to review untimely applications. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (per curiam); 8 U.S.C. § 1252(a)(2)(D).

Here, Al-Shishani did not file his asylum application for sixteen years, and neither the IJ nor the BIA found that he had demonstrated an extraordinary circumstance to warrant such a delay. Because we lack jurisdiction to consider Al-Shishani's untimely asylum claim, we dismiss his petition in this respect.

3

II.

As noted above, we review our subject matter jurisdiction *de novo*. *Frech*, 491 F.3d at 1280. Furthermore, we "must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Hernandez v. U.S. Att'y Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam), *cert. denied*, 129 S. Ct. 44 (2008). "[A]bsent a cognizable excuse or exception, we lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted). This requirement ensures that the BIA has a full opportunity to consider "the niceties and contours of the relevant arguments." *Id.* at 1250.

While constitutional challenges to the INA procedures and some due process claims may not require exhaustion if the BIA did not "have the power to adjudicate those claims," where the BIA can remedy the constitutional claim, "the exhaustion requirement applies with full force." *Sundar v. INS*, 328 F.3d 1320, 1325 (11th Cir. 2003) (holding that an alien should have exhausted his due process claim that the IJ's and BIA's application of an immigration statute violated the Constitution because "[i]t was within the BIA's authority to reconsider and change its decision").

When jurisdiction is present, we review constitutional challenges *de novo*. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306, 113 S. Ct. 1439, 1449 (1993). Accordingly, aliens must receive "notice and an opportunity to be heard in their removal proceedings." *Fernandez-Bernal v. U.S. Att'y Gen.*, 257 F.3d 1304, 1310 n.8 (11th Cir. 2001). To prevail on a due process challenge, however, an alien must show substantial prejudice – namely, that the outcome would have differed "in the absence of the alleged procedural deficiencies." *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003).

We lack jurisdiction over Al-Shishani's claims that the IJ was biased against him and that he was not notified of a change in the asylum hearing date because he did not exhaust these arguments in his notice of appeal to the BIA. These claims constitute due process claims within the scope of the BIA's authority. It was within the BIA's authority to review the transcript of the asylum hearing, determine whether the IJ's actions demonstrated bias against Al-Shishani and in favor of the government, or that he did not receive adequate notice of the date change, and if so, to remand the matter for a new hearing. Accordingly, we dismiss his petition in this respect.

5

With regard to Al-Shishani's remaining due process claims – that he was not properly served with a NTA, that he was ill during the asylum hearing, and that his interpreter was inadequate – he has failed to show how these alleged deficiencies prejudiced his case. First, he did, in fact, appear at the initial removal proceeding. Second, the IJ granted at least six continuances during the ensuing ten months before the asylum hearing to ensure that Al-Shishani had sufficient time to prepare his case. Al-Shishani has not explained what he would have done differently but for his illness. Finally, he has not identified any specific mistranslations. Thus, we deny Al-Shishani's petition in this respect.

III.

"[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General. . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). "The phrase 'specified under this subchapter' refers to subchapter II of Chapter 12, 8 U.S.C. §§ 1151-1378." *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1361 (11th Cir. 2006).

By contrast, we have jurisdiction to review discretionary decisions which are governed by federal regulations. *Id.* Such decisions are reviewed for abuse of discretion. *Id.* at 1364. The BIA abuses its discretion when its decision is arbitrary

6

and capricious.  *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008) (citation omitted).

Under the federal regulations, an alien in custody generally has 21 days in which to file a brief to the BIA, but, "upon written motion, [the BIA] may extend the period for filing a brief or a reply brief for up to 90 days for good cause shown."  8 C.F.R. § 1003.3(c)(1).  Furthermore, "[i]n its discretion, the [BIA] may consider a brief that has been filed out of time."  *Id.*  "In the interests of fairness and the efficient use of administrative resources," extension requests are disfavored.  *See* BIA Practice Manual, § 4.7(c)(i).  Accordingly, it is the BIA's policy to grant a first briefing extension, but to only grant second requests "in rare circumstances."  *Id.*  at § 4.7(c)(i)(A).  Likewise, the BIA only will consider allowing a late-filed brief if it is accompanied by a motion that "set[s] forth in detail the reasons for the untimeliness" and is supported by "affidavits, declarations, or other evidence."  *See Id.* at § 4.7(d).  Even then, it "rarely" considers the motion.  *Id.*

As an initial matter, we have jurisdiction to review denials of motions to extend the briefing deadline because they are governed by the federal regulations. Nevertheless, the BIA did not abuse its discretion by denying Al-Shishani's second request to extend the briefing deadline.  The BIA's policy of denying second requests "in the interests of fairness and the efficient use of administrative

resources" is not arbitrary and capricious, and Al-Shishani has failed to show how his request satisfied the "rare circumstances" exception. Likewise, the BIA did not abuse its discretion by refusing to accept Al-Shishani's untimely brief because its policy of requiring petitioners to explain the reasons for the untimeliness in a motion supported by evidence is not arbitrary and capricious. Moreover, the record does not reflect that he filed such a motion. Accordingly, we deny the petition in this respect.

IV.

Where the BIA addresses, *sua sponte*, issues – such as the propriety of an adverse credibility finding, or the denial of withholding of removal and CAT claims on the merits – that an alien does not exhaust in his notice of appeal or supporting brief, we "cannot say the BIA fully considered the petitioner's claims, as it had no occasion to address the relevant arguments. . . ." *Amaya-Artunduaga*, 463 F.3d at 1250-51. Accordingly, we lack jurisdiction to review such arguments on appeal. *Id.*

Here, the BIA addressed the IJ's adverse credibility determination and the substantive denial of Al-Shishani's withholding of removal and CAT requests *sua sponte*, but we cannot say that it fully considered the relevant arguments. Accordingly, we lack jurisdiction to review these unexhausted issues on appeal, and we dismiss the petition in this respect.

8

V.

Upon review of the record and the parties' briefs, we discern no reversible error.  Accordingly, we dismiss in part and deny in part the petitioner's petition for review.

**PETITION DISMISSED IN PART, DENIED IN PART.**