NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0735n.06

Nos. 08-3574 and 08-4599

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DOBROSLAV BULATOVIC; MINA BULATOVIC, )
)
Petitioners, )
)
v. )
)
ERIC H. HOLDER, JR., Attorney General; )
DEPARTMENT OF HOMELAND SECURITY, )
)
Respondents. )
)
——————————————————— )
)

ON PETITION FOR REVIEW
OF AN ORDER OF THE
BOARD OF IMMIGRATION
APPEALS

BEFORE: BATCHELDER, Chief Judge, and GRIFFIN, Circuit Judge; TARNOW, District Judge.[*]

GRIFFIN, Circuit Judge.

In these consolidated appeals, Dobroslav Bulatovic and his wife, Mina Bulatovic, petition this court for review of two adverse decisions of the Board of Immigration Appeals ("BIA"). In Case No. 08-3574, petitioners seek review of the BIA's April 15, 2008, order summarily dismissing their appeal of the immigration judge's ("IJ") June 7, 2007, decision denying relief and ordering removal to their native country, Montenegro. In Case No. 08-4599, petitioners seek review of the BIA's November 3, 2008, order granting their motion to reconsider the April 2008 order but again

———————————

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

dismissing their appeal. For the reasons stated below, we dismiss the petition for review in Case No. 08-3574 for lack of jurisdiction and deny the petition in Case No. 08-4599.

I.

Dobroslav Bulatovic and Mina Bulatovic ("petitioners") are natives and citizens of Montenegro, part of the former Federal Republic of Yugoslavia. They arrived in the United States on January 21, 2001, as nonimmigrant visitors with authorization to remain until July 20, 2001. They overstayed their visas, and, on January 18, 2002, Dobroslav filed an application for asylum with Mina as a derivative beneficiary. His application was denied by an asylum officer, and petitioners were placed in removal proceedings as nonimmigrant aliens who remained in the United States for a time longer than permitted. Petitioners conceded removability, but Dobroslav renewed his application for asylum, with Mina as his dependent, and also requested withholding of removal and protection under the Convention Against Torture ("CAT").[1]

As the basis for relief, Dobroslav alleged in his application that he was conscripted into the Yugoslavian army in 1999 and deserted after approximately twenty days because he did not want to participate in the persecution of the Albanian minority during the NATO bombardment of Yugoslavia. He claimed that after his desertion, the Montenegrin police searched for him and sent him notices to appear. Dobroslav did not respond and made plans to leave Yugoslavia. He and Mina married in September 2000 and obtained visas to enter the United States. Dobroslav alleged that, by this time, his desertion was a matter of record, and he feared that he would be arrested,

---

[1]Mina Bulatovic does not assert independent grounds for relief.

detained, and mistreated if he were to remain in Yugoslavia. Petitioners thereafter came to the United States.

On June 7, 2007, following a removal hearing at which Dobroslav testified about his alleged fear of reprisal stemming from his military desertion if he were to return to Montenegro, the IJ rendered an oral decision in which she denied all forms of relief. The IJ made an adverse credibility determination based on her findings that Dobroslav's testimony was inconsistent with his written application, his application omitted key information, and he failed to submit available corroborating evidence. The IJ further concluded that, even if Dobroslav's claims were credible, he nevertheless failed to establish his eligibility for asylum, withholding of removal, or CAT protection. The IJ thus ordered petitioners' removal to Montenegro.[2]

Petitioners, through counsel, timely appealed the IJ's decision to the BIA. In their Notice of Appeal, petitioners checked a box indicating that they intended to file a separate written brief or statement. In a one-page addendum to the Notice of Appeal, petitioners set forth their "Reasons for Appeal," alleging in terse terms that the IJ's "adverse credibility finding was 'clearly erroneous[,]'" that the IJ "relied upon a mischaracterization of the evidence in finding that [petitioner] had not proven that he had been persecuted on account of a protected ground[,]" and that the IJ "erroneously held that the absence of a fear of persecution by [Dobroslav's] family may be imputed to [Dobroslav]."

---

[2]The IJ denied petitioners' request for voluntary departure because Dobroslav testified that he would not abide by a voluntary departure order.

In a notice dated August 21, 2007, the BIA sent petitioners' counsel a briefing schedule and enclosed uncorrected but complete transcripts of the IJ's oral decision and the testimony of record. The notice set a September 11, 2007, deadline for the receipt of petitioners' brief. The notice also included two warnings: first, if petitioners indicated their intent to file a brief on appeal but then failed to do so, the BIA may summarily dismiss their appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E); second, a request for an extension of time to file a brief "must be received on or before the expiration of the initial briefing schedule."[3] (Emphasis omitted.) These warnings conformed to the established practices and procedures of the BIA set forth in the BIA Practice Manual, which provides official guidance to parties and counsel who appear before the BIA. *See* BIA Practice Manual §§ 4.4(b)(iv)(C), 4.7(c)(ii). Upon petitioners' timely motion, the deadline was extended to October 2, 2007. The BIA's notice granting petitioners' extension request reiterated the standard summary dismissal warning and further advised that

> [t]he Board generally does not grant more than one extension per party or per case, if detained. Therefore, if you have received an extension, you should assume that you will not be granted any further extensions.
>
> If you file your brief late, you must file it along with a motion for consideration of your late-filed brief. . . . The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

---

[3]8 C.F.R. § 1003.1(d)(2)(i)(E) provides in pertinent part that "[a] single [BIA] member or panel may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." *See also* BIA Practice Manual § 4.16(c).

* * *

> If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Despite these warnings, petitioners failed to file a brief or request another extension before the deadline passed.

On October 3, 2007, counsel for petitioners sent a motion to the BIA, which was received on October 4, 2007, requesting that the BIA furnish the signed, corrected copies of the hearing transcript and IJ's decision, not yet provided to petitioners, and reset the briefing schedule. In petitioners' motion, counsel alleged that "[d]ue to the fact that the IJ may make edits and the edits may or may not be material, [petitioners] cannot raise all issues for appeal until they receive the 'approved decision.' The forwarded decision was only a 'rough draft' that is unsigned, unapproved and has not been reviewed by a lawyer (i.e. the IJ)." Counsel claimed that petitioners would be "severely prejudiced if the approved transcripts surface at a later date," but did not further explain the nature of the alleged prejudice. He further complained that the BIA's failure to provide an "approved" transcript was part of a broader "pattern and practice of forwarding incomplete transcripts to me in all of my cases, i.e. the unapproved, unsigned, unedited transcript of oral decision, despite the obligation of the [IJ] to approve the transcript of oral decision within 14 days [as required by 8 C.F.R. § 1003.5]." Counsel maintained that the BIA was effectively "engaging in a secret decision regarding whether the unsigned decision is subsequently being revised in such a way that it does not reflect the decision dictated at the actual hearing."

In an order dated April 15, 2008, the BIA summarily dismissed petitioners' appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A) and (E), for failure to specify the reasons for the appeal so as to permit meaningful review and failure to provide the promised appellate brief or otherwise reasonably explain the failure to do so within the time set for filing. Petitioners filed a timely petition for review of the summary dismissal order with this court and contemporaneously filed a motion to reconsider with the BIA. In the motion to reconsider, petitioners reiterated their request for "approved transcripts," attached a copy of their October 4, 2007, motion, and included an appellate brief challenging the merits of the IJ's decision.[4]

On November 3, 2008, the BIA granted petitioners' motion to reconsider but again dismissed their appeal. In its decision, the BIA noted that due to an administrative error, its April 2008 decision inadvertently omitted a discussion of petitioners' motion for an approved record and to reset the briefing schedule. The BIA corrected this oversight by addressing the motion and denying it as untimely because it was filed two days after the October 2, 2007, briefing deadline. The BIA added:

> Even if we were to address [petitioners'] motion on the merits, the motion would be denied. The Immigration Judge did not make any corrections to the transcript of the hearings. The Board received, on September 10, 2007, a signed and corrected copy of the Immigration Judge's decision. Only minor corrections and changes were

---

[4]While petitioners' motion for reconsideration was pending with the BIA, counsel for petitioners filed a complaint for mandamus, on behalf of the present petitioners and another client, in the United States District Court for the Eastern District of Michigan to compel the Executive Office for Immigration Review ("EOIR") to furnish the "approved" transcripts of the removal hearing and IJ's decision. Petitioners ultimately stipulated to dismissal of the action.

made, none of which warranted serving the parties with the corrected copy of the Immigration Judge's decision.[5]

The BIA further found no error in its prior dismissal of petitioners' appeal. The BIA determined that petitioners' vague allegations of error set forth in the addendum to their Notice of Appeal provided insufficient grounds to overturn the IJ's decision, i.e., petitioners failed to adequately explain why the IJ's credibility determination was clearly erroneous or how the IJ allegedly mischaracterized the evidence. The BIA also noted that petitioners asserted inaccurately that the IJ imputed the absence of fear from Dobroslav's family to him when, in actuality, the IJ "held that the reasonableness of [Dobroslav's] fear of persecution was reduced when his family members remained in Montenegro unharmed for several years after his departure from the country . . . ." Thus, the BIA dismissed petitioners' appeal.

Petitioners timely filed a separate petition for review of the BIA's November 2008 decision, and we consolidated the petitions for purposes of this appeal.

II.

We lack jurisdiction over the petition for review in Case No. 08-3574. As we explained in *Mu Ju Li v. Mukasey*, 515 F.3d 575 (6th Cir. 2008), our jurisdiction in immigration cases is limited to "final order[s] of removal," 8 U.S.C. § 1252(a)(1), and

> when the BIA grants a motion to reconsider and – after considering the issues afresh – renders a new decision addressing the arguments raised, the original order has been vacated and a new order entered in its place. It follows logically that in such a

---

[5]Petitioners claim that they did not receive copies of the corrected transcript and IJ decision until the certified administrative record was received by this court.

circumstance, the BIA's prior decision cannot be deemed a final order of removal for purposes of this court's jurisdiction. To hold otherwise would be to place this court in the position of reviewing a decision that the BIA has deemed errant in some regard and non-binding on the parties or itself.

\* \* \*

In so holding, we provide those who practice before the BIA with a clear rule: Where a petition for review is filed with this court and a motion to reconsider is filed with the BIA, if the BIA grants the motion to reconsider and renders a new decision addressing the issues presented in the case, then the new decision effectively vacates the prior decision and a separate petition for review of the new decision must be filed with this court.

*Mu Ju Li*, 515 F.3d at 578-80 (citation and footnote omitted). *See also Naeem v. Holder*, 321 F. App'x 516, 520 (7th Cir. 2009) (unpublished) (favorably citing *Mu Ju Li* and holding that the BIA's decision upon reconsideration "effectively supplanted the previous order and became the final order of removal" where "it substantially differed from that [original] order because it added an analysis of the petitioners' pattern or practice claim[.]").

This "clear rule" applies to the present case. The BIA effectively vacated its April 2008 order when it granted petitioners' motion to reconsider, addressed the omission in the April order, and reaffirmed its dismissal of the appeal based on petitioners' failure to provide adequate explanations in support of their nebulous allegations of error on the part of the IJ. Because the April 2008 order no longer constitutes a "final order[]" within the meaning of 8 U.S.C. § 1252(a)(1), we lack jurisdiction to review it.

Therefore, the sole agency decision properly before us is the BIA's November 2008 order that is the subject of the separate timely petition filed in Case No. 08-4599. *See Mu Ju Li*, 515 F.3d at 580.

III.

Petitioners allege that the BIA violated their due process rights when it denied their motion to serve the corrected version of the record on the parties or reset the briefing schedule and instead dismissed their appeal without giving them the benefit of the corrected record to prepare their appeal. Petitioners argue that the BIA failed to follow the mandate of 8 C.F.R. § 1003.5(a), which provides that, upon an appeal to the BIA, the IJ "shall review the transcript and approve the decision within 14 days of receipt" of the BIA's request that the record be forwarded. They also complain that the BIA did not rule on their motion to furnish the approved transcript for over a year.

When the BIA reviews the IJ's decision de novo and issues its own separate opinion, we review the BIA's decision as the final agency determination. *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007). We likewise review de novo claims of due process violations in removal proceedings. *Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007). "An alien must establish both error and substantial prejudice to prevail on a due process challenge to deportation proceedings." *Id*. (citation and internal quotation marks omitted). "[A] defect 'must have been such as might have led to a denial of justice' to trigger due process concerns." *Id*. at 241 (quoting *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001)). "A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings; we will not

simply presume prejudice." *Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005) (citations and internal quotation marks omitted).

Certainly, we are cognizant of "the dangers in an oral opinion that is forwarded for review without an examination for errors in transcription" and have deemed it "extremely poor practice not to provide the parties with the corrected version of the IJ's decision when it was corrected." *Djokovic v. Mukasey*, 273 F. App'x 505, 507, 509 (6th Cir. 2008) (unpublished). On prior occasions, we have "note[d] with concern that the government [has] failed to meet its obligation to prepare a reasonably accurate and complete record of the removal hearing upon [an alien's] appeal from the IJ's order." *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (citing 8 U.S.C. § 1229a(b)(4)(C); 8 C.F.R. § 1003.5; and 8 C.F.R. § 1240.9); *see also Garza-Moreno*, 489 F.3d at 241 (echoing this concern). "Due process demands a reasonably accurate and complete transcript to allow for meaningful appellate review and to allow the alien to mount a challenge to the proceedings conducted before the IJ." *Sterkaj*, 439 F.3d at 279.

Consequently, we endorse neither the BIA's failure, once again in the instant case, to promptly serve the parties with a corrected copy of the transcript nor its apparent practice of rendering its own editorial determination that the IJ's corrections were "minor" and therefore did not warrant serving the parties with a corrected copy of the record.

However, under the present circumstances, the alleged deprivation of meaningful administrative review is of petitioners' own making. The BIA served petitioners with reasonably accurate and complete, albeit uncorrected, copies of the record and the IJ's decision when it initially

issued the briefing schedule, thereby providing petitioners with the necessary materials to perfect

their administrative appeal. Although petitioners indicated their intent to file a brief in their Notice

of Appeal, they failed to do so in a timely manner, despite being granted one deadline extension.

It was only after the extended deadline passed that petitioners submitted their motion for a corrected

transcript or alternatively to reset the briefing schedule. By proceeding in this untimely manner,

petitioners undisputedly failed to comply with the BIA's well-established practices and procedures.

As one court has explained, the BIA's briefing schedule and practices serve a legitimate

purpose:

> Under the federal regulations, an alien in custody generally has 21 days in which to file a brief to the BIA, but "upon written motion, [the BIA] may extend the period for filing a brief or a reply brief for up to 90 days for good cause shown." 8 C.F.R. § 1003.3(c)(1). Furthermore, "[i]n its discretion, the [BIA] may consider a brief that has been filed out of time." *Id*. "In the interests of fairness and the efficient use of administrative resources," extension requests are disfavored. *See* BIA Practice Manual, § 4.7(c)(i). Accordingly, it is the BIA's policy to grant a first briefing extension, but to only grant second requests "in rare circumstances." *Id*. at § 4.7(c)(i)(A). Likewise, the BIA only will consider allowing a late-filed brief if it is accompanied by a motion that "set[s] forth in detail the reasons for the untimeliness" and is supported by "affidavits, declarations, or other evidence." *See Id.* at § 4.7(d). Even then, it "rarely" considers the motion. *Id.*
>
> * * *
>
> The BIA's policy of denying second requests "in the interests of fairness and the efficient use of administrative resources" is not arbitrary and capricious . . . . Likewise, the BIA['s] . . . policy of requiring petitioners to explain the reasons for the untimeliness in a motion supported by evidence is not arbitrary and capricious.

*Al-Shishani v. U.S. Att'y Gen.*, No. 08-15750, 2009 WL 1845578, at *3 (11th Cir. June 29, 2009)

(unpublished per curiam).

- 11 -

Moreover, Section 4.2(f) of the BIA Practice Manual sets forth a specific procedure for litigants that desire to challenge defects or corrections in the immigration court record. It provides in pertinent part:

> **(iii) Defects in the transcript.** – *Obvious defects in the transcript . . . should be brought to the immediate attention of the Clerk's Office.* Such requests should be filed separately under a cover page titled "REQUEST FOR CORRECTION OF TRANSCRIPT." . . . The Board, in its discretion, may remedy the defect where appropriate and feasible.
>
> *Defects do not excuse the parties from existing briefing deadlines*. Those deadlines remain in effect until the parties are notified otherwise. See Chapter 4.7(c) (Extensions).
>
> Where the Board does not or cannot remedy the purported defect in the transcript, and the party believes that defect to be significant to the party's argument or the adjudication of the appeal, *the party should identify the defect and argue its significance with specificity in the appeal brief.* The Board recommends that the brief be supported by a sworn, detailed statement. The Board will consider any allegations of transcript error in the course of adjudicating the appeal.
>
> **(iv) Corrected oral decisions.** – When an Immigration Judge issues an oral decision, the Immigration Judge reviews the transcription of the oral decision, and may make minor, clerical corrections to the decision. These corrected decisions are returned to the Board and served on the parties. If a party believes the corrections are significant to the party's argument or the adjudication of the appeal, the party should identify the correction and its significance with specificity in the appeal brief. Corrections do *not* excuse the parties from existing briefing deadlines. *If the corrected decision is served after the briefing schedule has expired, the parties should file a "Motion to Accept Supplemental Brief."* See Chapter 4.6(g) (Supplemental Briefs).

BIA Practice Manual § 4.2(f)(iii)-(iv) (emphasis added). Adherence to these procedures insures the meaningful appellate review that petitioners now claim is lacking:

> When an alien follows these procedures, the BIA is able to evaluate whether the "gaps [in the transcript] relate to matters material to [the] case and [whether] they

materially affect [the alien's] ability to obtain meaningful review." Moreover, if the BIA concludes that a defective transcript did not cause prejudice, these procedures create a record that facilitates the meaningful and effective *judicial* review to which a petitioner is entitled.

*Witjaksono v. Holder*, 573 F.3d 968, 976 (10th Cir. 2009) (citation and internal quotation marks omitted).

Petitioners disregarded these procedures. Consequently, even assuming arguendo that they had a legitimate excuse for their failure to file an appellate brief before the extended deadline, they did not inform the BIA of these reasons or request a second briefing extension in a timely manner.[6] The direct consequence was petitioners' inability, given the barebones allegations of error contained in the addendum to the Notice of Appeal, to satisfy their burden of proof regarding the IJ's substantive decision denying relief.

Finally, as petitioners' counsel, a seasoned immigration practitioner, should be well aware, we have held that minor clerical changes or transcription errors in an uncorrected decision are not tantamount to the deprivation of due process absent a showing of prejudice. In *Garza-Moreno*, counsel in the current case argued that the BIA's failure to provide his clients with a signed and edited copy of the IJ's order and an accurate transcript violated their due process rights. *Garza-Moreno*, 489 F.3d at 241. We rejected this argument, stating that

---

[6]We note that petitioners do not challenge the propriety of the BIA's decision regarding the untimeliness of their pleadings in this court and therefore have waived this issue. *See United States v. Lopez-Medina*, 461 F.3d 724, 743 n.4 (6th Cir. 2006) (issues not raised in an appellate brief, or issues advanced in a perfunctory fashion, are waived.).

> [w]hile sending Petitioners an unsigned order may have been a technical defect, we fail to see how it "denied them justice."
>
> * * *
>
> Petitioners claim that the agency's failure to provide them with an accurate transcript violated the Fifth Amendment. They point to sixty-seven "indiscernible" notations in the transcript of the hearing before the IJ. . . .
>
> While due process demands a reasonably accurate and complete transcript to allow for meaningful appellate review, a mere failure of transcription, by itself, does not rise to a due process violation. The petitioner has the burden to prove prejudice in order to establish a due process violation in an immigration hearing. A petitioner furnished with an inaccurate or incomplete transcript must show that a complete and accurate transcript would have changed the outcome of the case. Petitioners do not point us to a single argument that the "indiscernible" notations precluded them from advancing before the BIA or this court, nor do we find any from our review of the transcript. Because they cannot show prejudice, they cannot establish a violation of the Fifth Amendment's due process guarantee.

*Id*., 489 F.3d at 241-42 (citations, internal quotation marks, and brackets omitted). *See also*

*Witjaksono*, 573 F.3d at 975 (holding that the BIA's failure to provide an accurate and complete

transcript of the removal hearing did not deprive the alien of due process where the information

omitted from the transcript was "immaterial"); *Soumare v. Holder*, No. 07-4417, 2009 WL 2568091,

at *7 (6th Cir. Aug. 21, 2009) (unpublished) (holding that "because [the petitioner] has not identified

how the 'indiscernibles' in the hearing transcript prejudiced his ability to perfect an appeal, we

conclude that [the petitioner] has not demonstrated a due-process violation.") (footnote omitted);

*Djokovic*, 273 F. App'x at 510 (holding that the petitioner's due process rights were not violated by

corrections to the IJ's decision).

As the BIA accurately noted in its November 2008 order, the IJ made no corrections to the hearing transcript and only minor edits to the oral decision, including the correction of one citation. Thus, the argument made by petitioners to this court that these minor edits compromised their ability to prepare their appeal and caused prejudice is wholly spurious. Petitioners never brought to the immediate attention of the BIA any obvious or significant defects in the complete record that they initially received, did not request any corrections, and did not timely move to file a Supplemental Brief before the briefing deadline expired. The BIA therefore properly dismissed their appeal.

IV.

For the reasons set forth above, we dismiss the petition for review in Case. No. 08-3574 for lack of jurisdiction and deny the petition for review in Case No. 08-4599.