**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0129n.06

Case No. 15-3576

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 07, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| AMNOY RASSAVONG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, U.S. Attorney | ) | APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:     BOGGS, WHITE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD**, Circuit Judge.     Amnoy Rassavong ("Rassavong") appeals a decision from the Board of Immigration Appeals ("BIA") upholding a determination that she did not merit withholding of removal.[1]  She also seeks a remand on the basis that she was denied due process because she did not receive a transcript of an oral ruling.  For the following reasons, we **DENY** Rassavong's petition.

---

[1] Rassavong also applied for asylum and protection under the Convention Against Torture ("CAT"), but the BIA found that Rassavong had waived any challenge to the IJ's conclusions that she is ineligible for asylum and protection under the CAT by not contesting those conclusions before the BIA.  A.R. 3 n.1, 4.  Rassavong does not challenge the waiver determination on appeal.  We make this clarification because, although Rassavong ultimately requests that we grant withholding of removal and not asylum or protection under the CAT, portions of her brief refer to the denial of her application for asylum and request for relief under the CAT.

**I.**

Rassavong is a Laotian citizen who was admitted to the United States on or around April 7, 2001 as a nonimmigrant B-2 visitor with permission to remain in the United States until May 4, 2002. She married Bonn Rassavong ("Bonn"), a U.S. citizen, on September 20, 2001. Bonn filed two I-130 petitions for an alien relative on her behalf, both of which were rejected on the grounds that the marriage was not bona fide. The couple divorced on October 25, 2007. Rassavong then married Kert Rattamasribounreuang ("Kert") on January 30, 2008. Kert filed an I-130 petition on Rassavong's behalf on August 15, 2008.

The Department of Homeland Security ("DHS") commenced removal proceedings against Rassavong on August 26, 2008, alleging that she had sought a status adjustment by engaging in a fraudulent marriage to Bonn in violation of 8 U.S.C. § 1182(a)(6)(C)(i). DHS later alleged that Rassavong was also removable under 8 U.S.C. § 1227(a)(1)(B) because she had remained in the United States beyond May 4, 2002 without authorization. After a July 23, 2009 hearing, an immigration judge ("IJ") upheld both charges of removability orally. After years of further legal proceedings, Rassavong submitted an application for asylum, withholding of removal, and protection under the CAT on February 8, 2012. Although Kert's I-130 petition on behalf of Rassavong had initially been approved, at the February 8 hearing, counsel for DHS informed the IJ that the previously-approved petition had been revoked.

At a hearing on August 26, 2013, Rassavong notified the IJ that she had filed an appeal of the revocation of her I-130 petition and requested that the IJ continue her proceedings to await the BIA's decision on that appeal. The IJ denied the request for a continuance and proceeded to the merits of Rassavong's applications. Rassavong argued that she deserved relief for two reasons. First, she feared persecution on account of her Christian faith if she returned to Laos.

Rassavong began attending a Baptist church in 2003.  She was baptized in 2005 and volunteers distributing food on Saturdays.  Second, Rassavong testified that she feared persecution because her former husband in Laos had stolen government funds.  She claimed that she had not participated in the theft in any way and that the government officials who questioned her about the matter believed her.  Nevertheless, she expressed fear that the government might still imprison her, or that her husband might kill her as revenge for reporting him to the authorities.  The IJ denied Rassavong's claims for relief on September 13, 2013 and ordered her removed to Laos.  The IJ concluded that Rassavong was statutorily ineligible for asylum because she did not timely file her application or establish an exception to the filing deadline; that she was ineligible for withholding of removal because she had not established a clear probability of future persecution; and that she failed to meet the heavy burden to establish entitlement to relief under the CAT.  The BIA affirmed the IJ's decision on April 29, 2015.

Rassavong now appeals, focusing specifically on her fear of religious persecution.

**II.**

The BIA's jurisdiction arose under 8 C.F.R. § 1003.1(b)(3).  This Court has jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a).

**III.**

Rassavong argues that (1) the BIA erred in upholding the IJ's ruling that she did not qualify for withholding of removal, and that (2) we should remand the case because the BIA's failure to address her argument that she was not provided with a transcript of the IJ's 2009 oral ruling that she committed marriage fraud constitutes denial of due process.

A. Did the BIA err in upholding the IJ's ruling that Rassavong did not qualify for withholding of removal?

- 3 -

Where the BIA reviews the IJ's decision and issues a separate opinion, we review the BIA's decision as the final agency determination. *Dieng v. Holder*, 698 F.3d 866, 871 (6th Cir. 2012). To the extent the BIA adopts the IJ's reasoning, we also review the IJ's decision. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To qualify for withholding of removal, Rassavong must show a clear probability that she will be subject to persecution if forced to return to the country of removal, a more stringent standard than required in an asylum proceeding. *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004). In this appeal, we must consider whether the entire record the BIA considered compels the conclusion that she will more likely than not face persecution if returned to Laos. *Dieng*, 698 F.3d at 871.

Rassavong argues that she qualifies for withholding of removal because (1) authorities, particularly at the local level, interfere in the activities of minority religious groups, (2) her specific denomination (Baptist) is not recognized by the Laotian government, and (3) her active church participation would make her more likely to be persecuted in Laos.

However, the entire factual record the BIA considered does not compel the conclusion that Rassavong is more likely than not to be persecuted. Although the State Department Country Report cited by Rassavong describes some incidents where Christians are persecuted in Laos, the IJ and BIA considered this evidence in concluding that Rassavong had not established that she was more likely than not to be persecuted. This conclusion is supported by the Country Report itself, which indicates that the Laotian government has taken positive steps to address religious freedom concerns and has intervened in cases where members of minority groups, particularly Christians, have been mistreated. *See* A.R. 486, 488, 494.

Perhaps most instructive is the experience of her current husband Kert. Before the IJ, he testified that he had been to Vientiane, Laos on multiple occasions for periods of thirty days at a

time, that he had attended Christian worship services, and that he had not been harmed or mistreated in any way. This evidence is particularly telling because Kert had ample motive to highlight any hostility he encountered on account of his Christian faith to support his wife's claim that she would encounter persecution if returned to Laos. Kert's report of experiencing no trouble in Vientiane is consistent with a report from a Vientiane pastor who stated that conditions for Christians were better in the capital than in rural areas. *Id.* at 509. Even if we accepted that persecution is widespread in the countryside, Rassavong does not explain why she could not relocate to Vientiane or another large city in Laos to diminish any likelihood of persecution. *See* 8 C.F.R. § 1208.16(b)(2) ("[A]n applicant [for withholding of removal] cannot demonstrate that his or her life or freedom would be threatened if the asylum officer or immigration judge finds that the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so.").

Moreover, Rassavong nowhere makes a reasoned argument that Laos' refusal to officially recognize the Baptist denomination makes her a likely target of persecution, or that someone who attends services frequently and distributes food on Saturdays as she does will become a likely target for persecution in the same way that a pastor might. We therefore uphold the BIA's determination that she does not qualify for withholding of removal.

Rassavong alternatively asks that we remand to the BIA for consideration of administrative relief in light of the extreme hardship she and her family will suffer if she is removed. We lack jurisdiction to consider this request. *See* 8 U.S.C. § 1252(g); *Mason v. Mukasey*, 306 F. App'x 897, 902 (6th Cir. 2009).

B. Should we remand the case because the BIA did not address Rassavong's argument that she was not provided with a transcript of the IJ's July, 2009 oral ruling that she committed marriage fraud?

Rassavong argues that not receiving a transcript of the IJ's oral ruling regarding her removability violated her due process rights because it deprived her of the ability to fully brief the issues.

We lack jurisdiction to consider this argument. Although an alien ordinarily need not exhaust due process claims because the BIA lacks authority to review constitutional challenges, an alien must first raise correctable procedural errors with the BIA. *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Here, Rassavong only briefly mentioned in her BIA brief's procedural-history section that she had not received the transcript, and suggested that she did not intend to appeal the IJ's removability determination (the subject of the transcript), instead opting to pursue that issue in a separate appeal of the I-130 revocation. Additionally, Rassavong did not seek to obtain the missing transcript from the BIA through a formal request or otherwise. *See* BIA Practice Manual § 4.2(f)(iii); *see also Bulatovic v. Holder*, 351 F. App'x 978, 984 (6th Cir. 2009). Since Rassavong has not availed herself of a remedy before the BIA, we cannot exercise jurisdiction over her due process claim based on the missing transcript. *Sterkaj*, 439 F.3d at 279.

**IV.**

We agree with the BIA's determination that Rassavong does not qualify for withholding of removal, and we decline her request to remand. Accordingly, we DISMISS Rassavong's petition.