NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0456n.06

No. 22-3099

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | | **FILED** |
| | | Oct 30, 2023 |
| IRVIN ESTANLEY REGALADO CALDERON, | ) | DEBORAH S. HUNT, Clerk |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| MERRICK B. GARLAND, Attorney General, | ) | BOARD OF IMMIGRATION |
| Respondent. | ) | APPEALS |
| | ) | |
| | ) | OPINION |
| | ) | |

Before: BATCHELDER, GRIFFIN, and BLOOMEKATZ, Circuit Judges.

PER CURIAM. Irvin Estanley Regalado Calderon, through counsel, petitions this court to review a 2022 order of the Board of Immigration Appeals (BIA). In a prior 2021 order, the BIA dismissed Regalado's appeal of an immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Then in 2022, the BIA denied Regalado's motions for reconsideration of the 2021 order, for remand based on changed country conditions, and for a refund of his filing and delivery fees. For the reasons that follow, to the extent it seeks review of the 2021 order, we dismiss Regalado's petition, and we deny his petition to review the 2022 order.

## I. Factual and Procedural Background

Regalado is a native and citizen of El Salvador. In 2013, Regalado entered the United States with a counterfeit Guatemalan passport at the San Ysidro Port of Entry. He was 16 years old at the time. In 2013, the Department of Homeland Security served Regalado with a notice to

appear, charging him with removability as an immigrant not in possession of a valid entry document. Through counsel, Regalado conceded removability in 2018, and, claiming that he feared that the MS-13 gang would persecute him in El Salvador, Regalado applied for asylum, withholding of removal, and protection under the CAT.

Regalado's applications proceeded to an evidentiary hearing before an IJ. Regalado testified that, as a member of his local soccer team, he possessed athletic skills that MS-13 valued, such as his speed, which would allow him to quickly flee after committing a murder. Despite being threatened on at least two occasions, Regalado resisted MS-13's overtures to join their gang because he did not believe in participating in illegal activities. MS-13 murdered two of Regalado's teammates because they refused to join the gang. In 2013, MS-13 members beat up Regalado because he refused to join them. Regalado suffered cuts, bruises, and rib injuries that caused him to miss three days of school. Regalado fled to the United States soon afterward. He testified that he was afraid to return to El Salvador because MS-13 would find him and murder him. In support of his applications for asylum and withholding of removal, Regalado claimed membership in several particular social groups, all of which were various iterations of his status as a Salvadoran youth and soccer player who resists or opposes joining a gang. Regalado also claimed that his opposition to a quasi-governmental gang was a protected political opinion.

On November 19, 2018, the IJ denied Regalado relief from removal in an oral decision. The IJ found that although Regalado was generally credible, his past encounters with MS-13 did not rise to the level of persecution that would entitle him to relief. The IJ further found that Regalado had not identified a cognizable particular social group and that his opposition to joining a gang was not a protected political opinion. The IJ concluded therefore that Regalado failed to demonstrate that he had a well-founded fear of future persecution and denied his applications for

asylum and withholding of removal. The IJ next found that Regalado had not shown that the Salvadoran government would acquiesce in his torture and denied his application for relief under the CAT. As part of his oral decision, the IJ stated that he was incorporating a written "law addendum" setting forth the legal principles that applied to Regalado's applications and that he would provide the parties with a copy of it.

Regalado filed a timely appeal of the IJ's decision with the BIA. The BIA initially established a due date of August 10, 2020, for Regalado's appellate brief. On July 28, 2020, Regalado's attorney asked the BIA for a three-week extension of this deadline because of his case load and staffing problems. The BIA granted the motion and set August 31, 2020, as the new due date for Regalado's brief.

Meanwhile, on August 21, 2020, Regalado's attorney submitted a Freedom of Information Act (FOIA) request to the BIA to obtain documents, including the law addendum, missing from the case record the BIA had provided. Five days later, Regalado's attorneys asked the BIA to suspend the briefing deadlines until the BIA fulfilled the FOIA request. The BIA completed the request on September 9; Regalado's attorneys received the requested materials on September 20. However, Regalado never filed his appellate brief with the BIA.

On January 5, 2021, the BIA issued an order that agreed with the IJ's findings and legal conclusions and dismissed Regalado's appeal. In its order, the BIA noted that, despite receiving an extension of time, Regalado had not filed a brief or provided a reasonable explanation for his failure to do so.

Regalado did not file a petition for judicial review of this order. Instead, he moved the BIA for reconsideration and to remand the case to the IJ. Regalado argued that reconsideration was necessary because the government did not provide him with a copy of the law addendum and

therefore the record was incomplete. Regalado attached to the motion an August 26, 2020, letter informing the BIA that the record was incomplete and asking the BIA to delay setting the briefing schedule until counsel received the whole record, including the law addendum, through a FOIA request. Further, Regalado argued that the IJ made various legal and factual errors in denying him relief from removal.

In support of remanding the case, Regalado filed news reports stating that the Salvadoran government had reached an agreement with MS-13 to reduce the murder rate in El Salvador but that gang-related killings nevertheless were increasing because security forces were concentrating on stemming the COVID-19 pandemic. Regalado also attached State Department and Centers for Disease Control travel advisories for El Salvador. Regalado argued that this evidence showed that MS-13 was a quasi-governmental entity, making his opposition to the gangs a protected political opinion. These changed country conditions, Regalado argued, made him eligible for relief from removal. Finally, Regalado requested that the BIA reimburse his filing and delivery fees due to its error in overlooking his August 26 letter requesting a stay of the briefing schedule.

On January 5, 2022, the BIA denied Regalado's motions for reconsideration and to remand. The BIA first concluded that its failure to provide Regalado with a copy of the IJ's law addendum was a harmless error. In support of that conclusion, the BIA found that it answered Regalado's FOIA request on September 9, 2020, and that he did not ask it to accept an untimely brief in the four-month period between then and the time it issued its decision. The BIA then reiterated its prior determination that Regalado had not shown a reasonable fear of persecution based on his political opinion, had not identified a cognizable particular social group, and had not shown that the Salvadoran government would acquiesce in his torture. The BIA denied Regalado's motion to remand because he failed to explain how his new evidence affected his eligibility for relief.

Finally, the BIA concluded that Regalado failed to identify any statutory or regulatory provision that authorized it to reimburse his filing and delivery fees.

Regalado filed a timely petition for judicial review of this order. Regalado argues that the BIA erred in denying his motions for reconsideration and remand to the IJ and in affirming the IJ's denial of his applications for relief from removal.

## II. Analysis

### A. The BIA's January 5, 2021, Order

Regalado petitions us to review the BIA's January 2022 order, which he characterizes as the "final order of removal." However, to the extent his petition also incorporates a challenge to the January 2021 BIA order, we lack subject matter jurisdiction to review it. Under 8 U.S.C. § 1252(b)(1), a noncitizen must file a petition for review "not later than 30 days after the date of the final order of removal." This requirement is mandatory and jurisdictional. *Kolov v. Garland*, 78 F.4th 911, 917 (6th Cir. 2023). Regalado did not file a petition to review the BIA's January 5, 2021, order within 30 days, and his motion for reconsideration and to remand did not toll the time period for seeking judicial review of the 2021 order. *See Gor v. Holder*, 607 F.3d 180, 185 (6th Cir. 2010). Accordingly, to the extent that his petition seeks review of the BIA's January 5, 2021, order, we dismiss it because it is jurisdictionally barred. *See Mohamed v. Barr*, 797 F. App'x 1019, 1023–24 (6th Cir. 2020); *Prekaj v. INS*, 384 F.3d 265, 267–69 (6th Cir. 2004).

### B. The BIA's January 5, 2022, Order

Regalado did file a timely petition to review the BIA's January 5, 2022, order denying his motions for reconsideration and to remand. We therefore have subject-matter jurisdiction to review this order. We consider Regalado's challenges to this order in turn.

1. Motion for Reconsideration

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Yeremin v. Holder*, 738 F.3d 708, 718 (6th Cir. 2013). "The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law." *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). To the extent our review of the order raises questions of law, we review them de novo. *Ortiz v. Garland*, 6 F.4th 685, 689 (6th Cir. 2021).

Regalado first argues that the BIA violated his right to due process by not providing him with a copy of the IJ's law addendum and abused its discretion in concluding that this omission was not prejudicial. Regalado contends that the BIA's failure to provide him with a complete record was prejudicial because it impaired his ability to contest the IJ's decision. Regalado notes that, because he was unable to file an initial brief, he was left to move for reconsideration, subjecting his claims to review under the less favorable abuse-of-discretion standard.[1]

A noncitizen has a Fifth Amendment right to due process in removal proceedings. *Mendoza-Garcia v. Barr*, 918 F.3d 498, 503 (6th Cir. 2019). This includes the right to receive "a reasonably accurate and complete record of the removal hearing." *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Indeed, "[d]ue process demands a reasonably accurate and complete transcript to allow for meaningful appellate review and to allow the alien to mount a challenge to the proceedings conducted before the IJ." *Id.* Further, we have said the BIA "should . . . know[] better than" to decide not to provide a noncitizen with a written addendum to an IJ decision. *See Alvarez-Hernandez v. Garland*, No. 22-3137, 2023 WL 110597, at *1 (6th Cir. 2023). But even

---

[1]Regalado also contends that the IJ's incorporation by reference of the written law addendum into his oral decision was a prohibited procedure. Regalado did not raise this argument to the BIA, however, so it is forfeited. *See Gafurova v. Whitaker*, 911 F.3d 321, 327 n.2 (6th Cir. 2018).

with this error, to establish a due-process violation, Regalado must also show prejudice, which means establishing that obtaining "a complete and accurate transcript would have changed the outcome of the case." *Garza-Moreno v. Gonzales*, 489 F.3d 239, 242 (6th Cir. 2007) (quoting *Ortiz-Salas v. INS*, 992 F.2d 105, 106 (7th Cir. 1993)).

We conclude that the BIA did not abuse its discretion in concluding that its failure to timely provide Regalado with a copy of the law addendum was a harmless error. Regalado received the IJ's law addendum about four months before the BIA issued its January 5, 2021, order, but after his amended briefing deadline. When it granted the deadline extension, the BIA informed Regalado's attorneys of its procedures for filing a late brief, yet he still failed to comply with these procedures. *See Rassavong v. Lynch*, 643 F. App'x 520, 523 (6th Cir. 2016) (holding that a petitioner could not establish a due process violation when the record was incomplete because the petitioner did not follow the procedures from the BIA Practice Manual). Most importantly though, Regalado fails to identify any meritorious argument he would have made had the BIA provided the legal addendum. Therefore, he cannot show that the BIA's error prejudiced him, and we cannot grant him relief on this basis.

Next, Regalado argues that the BIA failed to evaluate whether his proposed particular social groups (i.e., those that related to his opposition to the gangs) were cognizable on a case-by-case basis. But we have repeatedly held that Salvadorans who refuse to join or who oppose gangs lack social distinction and particularity and therefore are not a cognizable particular social group. *See Menendez-Antonio v. Garland*, No. 21-3607, 2023 WL 2155052, at *2 (6th Cir. Feb. 22, 2023) (per curiam) (collecting cases); *Garcia-Dominguez v. Garland*, No. 21-4190, 2022 WL 16964960, at *3 (6th Cir. Nov. 16, 2022) (collecting cases); *Umaña-Ramos v. Holder*, 724 F.3d 667, 673–74 (6th Cir. 2013). Regalado cannot avoid this precedent by distinguishing himself

as an athlete or a soccer player who opposes joining gangs. *Cf. Diaz-Gonzalez v. Whitaker*, 756 F. App'x 552, 558 (6th Cir. 2018) (finding the same issue for a group of "landowners who resist gangs"). Even assuming athletes or soccer players are socially visible groups in El Salvador, the BIA did not abuse its discretion in concluding that athletes or soccer players *who oppose gangs* do not comprise a particular social group. *See Umaña-Ramos*, 724 F.3d at 673; *Menendez-Antonio*, 2023 WL 2155052, at *1 (affirming the IJ's decision that the petitioners had failed to show that their particular social group was cognizable under the INA where the IJ opined "[t]he entire population of El Salvador with the exception perhaps of the gang members opposes the gangs and defies the gangs") (alteration in original). Similarly, Regalado's opposition to joining a gang is not an actual or imputed political opinion. *See Martinez v. Sessions*, 737 F. App'x 307, 309 (9th Cir. 2017); *Blanco-Santa Maria v. Sessions*, 707 F. App'x 384, 388 (6th Cir. 2017). Accordingly, we conclude that the BIA did not abuse its discretion in declining to reconsider whether Regalado's proposed particular social groups were cognizable.

Regalado next argues that the BIA erred in declining to reconsider his CAT claim because it applied the wrong standard in concluding that he did not suffer torture in the past and would not be tortured in the future with the acquiescence of a public official. But the BIA applied the correct legal standard in evaluating his CAT claim, and Regalado simply disagrees with its ultimate conclusion that he was not entitled to relief. His disagreement with the BIA's decision was not a basis for reconsideration. *See Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006); *cf. In re Medina-Holguin*, No. AXXX-XX4-318, 2020 WL 1244547, at *1 (B.I.A. Feb. 6, 2020).

In summary, we conclude that the BIA did not abuse its discretion in denying Regalado's motion for reconsideration.

### 2. Motion to Remand

Regalado argues that the BIA erred in denying his motion to remand to consider new evidence of changed country conditions in El Salvador. As stated above, Regalado submitted news reports about the Salvadoran government cooperating with gangs, the gangs' exploitation of the COVID-19 pandemic to increase their criminal activities, and recent government travel advisories on El Salvador. The BIA concluded that this evidence did not merit remanding the case to the IJ because Regalado failed to explain how it might affect the outcome of his case.

Regalado asserts that this conclusion is wrong. According to Regalado, he explained to the BIA that his new evidence showed that MS-13's cooperation agreement with the Salvadoran government transformed MS-13 into a quasi-governmental entity. In turn, he was more likely to be tortured with the acquiescence of a public official. But in his motion for reconsideration, Regalado argued that, because MS-13 is allegedly a quasi-governmental entity, his opposition to gangs and joining a gang was a protected political opinion. He did not argue that the cooperation agreement was evidence that a public official would acquiesce in his torture. Because Regalado did not raise this argument before the BIA, he has forfeited it. *See Gafurova*, 911 F.3d at 327 n.2.[2]

### III. Conclusion

For the reasons stated, we **DISMISS** Regalado's petition to the extent it seeks review of the BIA's January 5, 2021, order, and we **DENY** Regalado's petition to review the BIA's January 5, 2022, order.

---

[2]Having denied Regalado's petition to review the BIA's January 5, 2022, order, we also deny his request to have the BIA reimburse his filing and delivery fees.