IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60212
Summary Calendar
_____


JUAN RIOJA, also know as Juan Rioja-Claure,

Petitioner,

versus

JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

January 22, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:

Juan Rioja, also known as Juan Rioja-Claure, is a native of Bolivia who was admitted into the United State in June 1990 for a temporary period not to exceed January 4, 1991. Because Rioja remained beyond this temporary period, removal proceedings were instituted against him. Through retained counsel, Rioja admitted to all allegations against him in the removal proceedings and conceded removability. As relief from removal, Rioja sought political asylum, withholding of removal, and, in the alternative, voluntary departure. On July 27, 1999, after conducting a hearing, the Immigration Judge ("IJ") denied all of Rioja's requests for relief.

On August 26, 1999, Rioja filed a timely notice of appeal, in which Rioja specified that he would be submitting a separate written brief or statement. On September 25, 2000, Rioja's counsel filed a request for a new briefing schedule regarding the filing of the separate brief or statement, as well as a motion to withdraw as Rioja's counsel, which was filed at Rioja's request. Counsel's motion to withdraw was granted, and a new briefing schedule was issued requiring Rioja to submit his separate brief or statement by October 27, 2000. On February 27, 2002, the Board of Immigration Appeals ("BIA") summarily dismissed Rioja's appeal because: (1) Rioja's notice of appeal form failed to apprise the BIA adequately of the bases for his appeal; and (2) Rioja had failed to submit a separate brief or statement as he had indicated he would on the notice of appeal form.

Rioja now petitions this court for review of the BIA's order summarily dismissing his appeal from the denial of his application for asylum. We review a summary dismissal by the BIA for an abuse of discretion. See Medrano-Villatoro v. INS, 866 F.2d 132, 134 (5th Cir. 1989); Townsend v. INS, 799 F.2d 179, 182 (5th Cir. 1986). Summary dismissal is authorized if the appellant indicates on the notice of appeal form "that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure

to do so, within the time set for filing." 8 C.F.R. § 3.1(d)(2)(i)(D) (2001).[1]

Rioja cites to Medrano-Villatoro v. INS, 866 F.2d 132, 134 (5th Cir. 1989), in support of his contention that he was not required to file a separate brief or statement. However, at the time Medrano-Villatoro was decided, a petitioner's failure to submit a separate brief or statement after indicating on the notice of appeal that such would be filed was not listed in 8 C.F.R. § 3.1(d) as a basis for summary dismissal. See 8 C.F.R. § 3.1(d) (1988). That basis for summary dismissal was added in 1992. See 57 Fed. Reg. 11568, 11570 (Apr. 6, 1992). Accordingly, this court's holding in Medrano-Villatoro is not controlling in the instant case.

Rioja also contends that his failure to file a separate brief or statement should be excused due to the withdrawal of his counsel and his insufficient command of English. However, counsel's motion to withdraw was filed after Rioja asked his counsel to cease his representation. Moreover, 8 C.F.R. § 3.1(d)(2)(i)(D) specifically allows for lenity to an appellant who, within the filing deadline, reasonably explains his or her failure to file the promised brief or statement. Despite the lengthy period of time between the withdrawal of his counsel and the summary dismissal of his appeal, Rioja failed to seek any such relief.

---

[1] This subsection is now located at 8 C.F.R. § 3.1(d)(2)(i)(E) in the 2002 edition.

3

The BIA was within its statutorily designated discretion to summarily dismiss Rioja's appeal after he indicated on the notice of appeal form that a separate brief or statement would be filed and then failed to submit such brief or statement before the filing deadline. See 8 C.F.R. § 3.1(d)(2)(i)(D). Accordingly, this court need not consider whether the BIA abused its discretion by summarily dismissing Rioja's appeal for failing to apprise the BIA adequately of the bases for his appeal.

Rioja's petition for review is DENIED.