United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60856
Summary Calendar

MALABA G HULUMBA, also known as Malaba G Mulumba

Petitioner

v.

JOHN ASHCROFT, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 682 752
--------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Malaba G. Hulumba has filed a petition for review of the
summary dismissal by the Board of Immigration Appeals (BIA) of
his appeal from the denial of political asylum, withholding of
removal, and relief under the Convention Against Torture.
Summary dismissal is authorized if, among other things,  the
appellant indicates on the notice of appeal form "that he or she
will file a brief or statement in support of the appeal and,
thereafter, does not file such brief or statement, or reasonably

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E) (2004).

Hulumba, represented by counsel, indicated on the notice of appeal form (Form EOIR-26) that he would file a brief, then failed to do so. Further, Hulumba failed to avail himself of the provision for lenity in 8 C.F.R. § 1003.1(d)(2)(i)(E) when he did not explain his failure to file a brief or statement within the time in which he had to file the brief or separate statement. Thus, the BIA was within its "statutorily designated discretion" to dismiss Hulumba's appeal summarily. See Rioja v. Ashcroft, 317 F.3d 514, 515-16 (5th Cir. 2003). Accordingly, this court need not reach Hulumba's argument that his notice of appeal otherwise apprised the BIA of the bases of his appeal. See id. at 516.

Hulumba's argument that his due process rights were violated because he was entitled to "a fully explained decision" is unavailing given that the BIA had statutory authority to dismiss Hulumba's appeal summarily for failure to file a brief or a separate written statement. See 8 C.F.R. § 1003.1(d)(2)(i)(E); Rioja, 317 F.3d at 516. Hulumba does not argue, and the record does not indicate, that Hulumba lacked notice of the BIA's statutory authority to dismiss his appeal summarily.

Hulumba's petition for review is DENIED.