**Artur CHMIELEWSKI,**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

Nos. 09–2087, 09–3077.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) March 17, 2010.

Opinion filed: March 24, 2010.

Artur Chmielewski, Newtown, PA, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Joan E. Smiley, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Artur Chmielewski, a native and citizen of Poland and a gay man, entered the United States in March of 2003 without being admitted or paroled. He is removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Chmielewski filed a timely application for asylum under INA § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18, claiming that he was persecuted in Poland on the basis of his sexual orientation. Chmielewski most recently was employed in Poland as a bartender. Both in his application and testimony, he asserted that he had many times been the victim of hate crimes; he described numerous attacks and beatings which he believed were motivated by anti-gay bias, and serious injuries he sustained as a result. He also submitted medical documentation and articles published by human rights groups describing attacks on gay men outside of gay bars and clubs in Poland. A November of 2006 Amnesty International Report on Poland, for example, noted that the Law and Justice Party ("PiS") came to power in September of 2005, and, after that, homophobic statements by public officials increased dramatically. A.R. 406. Judicial authorities declined to prosecute on the ground that the

homophobic statements were not "threatening or encouraging to crime." *Id.*

The 2005 Country Report on Human Rights Practices in Poland noted that gay rights activists engaged in a peaceful demonstration were attacked reportedly by members of the All Poland Youth League, who threw eggs and rocks, and made verbal threats that were both homophobic and anti-Semitic. A.R. 448. Sixty-eight of the gay rights activists were arrested and interrogated before being released. The violent counter-demonstrators were only asked for identification. *See id.*

The government responded by submitting articles of its own, which discussed the successes of the gay rights movement in Poland since the fall of the communist government. One article noted Warsaw's "lively gay tradition" dating back to the eighteenth century, A.R. 459, and a July of 2005 article from the Travel section of *Gay Times,* Great Britain's well-known adult gay male magazine, gave Poland, a member of the European Union, 3½ "pink stars," out of a possible 5, for being tolerant and even accepting, A.R. 466. *See also* A.R. 468–69 (explaining the "pink star" system and noting that the extra half-star indicates that there is a surprising level of tolerance and freedom despite the lack of positive legal protection).

Following a merits hearing on January 24, 2008, at which Chmielewski was represented by current counsel, Daniel Sansoni, Esquire, the Immigration Judge ("IJ") denied relief. In a 39–page oral decision, the IJ concluded that there was a lack of credible evidence to support Chmielewski's claim that the injuries he sustained were as a result of his sexual orientation. The IJ concluded that Chmielewski's evidence did not support a nexus between his injuries and his sexual orientation, and his country evidence supported a conclusion that there was discrimination in Poland on

the basis of sexual orientation but not persecution. The IJ also faulted Chmielewski for not providing letters from family and friends or more specific medical documentation in support of his application, which she concluded might have helped him credibly establish his claim.

Mr. Sansoni filed a Notice of Appeal, Form EOIR–26, with the Board of Immigration Appeals. In the space provided for listing the reasons for the appeal, he stated:

> The Respondent was not given a just hearing since prejudicial documents were submitted to the Court. By information and belief, it is believed that the Office of Chief Counsel believed respondent's asylum was frivolous. Respondent indicated that his application was never frivolous. The OCC offered no documentation suggesting frivolous application. However, they offered documentation stating the case was under investigation. Going to the merits of the case, the immigration judge improperly denied a grant of asylum despite the facts and law clearly in the benefit of the respondent.

A.R. 78.

After the question, "Do you intend to file a separate written brief or statement after filing this Notice of Appeal," Sansoni marked "Yes." A.R. 78. The following "WARNING" was listed under that question: "If you mark 'Yes' in item # 8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule." A.R. 78. The Board then issued a briefing schedule, which set a deadline for filing the separate written brief or statement. The briefing schedule notice again warned that, if it was indicated on Form EOIR–26 that

a separate written brief or statement would be filed, it was "expected." A.R. 72. Failure to file might result in summary dismissal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E). *See id.*

Chmielewski retained someone new to file his brief. That individual, Reverend Robert Vitaglione, did not follow through. In its March 17, 2009 decision, the Board summarily dismissed Chmielewski's appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E), because he failed to file a separate written brief or statement after indicating on the Notice of Appeal that one would be filed. Chmielewski filed a timely pro se petition for review of this decision, resulting in the appeal docketed at C.A. No. 09–2087. He also retained Stephen S. Santo, Esquire, to file a motion for reconsideration with the Board. On April 20, 2009, Santo filed that motion, and in it he contended that the Board should not have summarily dismissed Chmielewski's appeal. Citing *Bhiski v. Ashcroft*, 373 F.3d 363, 367–68 (3d Cir.2004), he contended, among other things, that a brief is optional rather than mandatory. A.R. 14. Moreover, Chmielewski's case was not complex and his statement put the Board on notice of what was at issue in his case. *See id.* at 15–16. The government filed written opposition to the motion to reconsider.

In a decision dated June 24, 2009, the Board denied Chmielewski's motion to reconsider as untimely because it was not filed within 30 days. Chmielewski's original attorney, Mr. Sansoni, returned to the case and filed a timely petition for review of that decision, resulting in the appeal docketed at C.A. No. 09–3077. Our Clerk consolidated the petitions for review. We previously denied Chmielewski's motion for a stay of removal and the government's motion for summary affirmance in C.A. No. 09–3077.

We will deny the consolidated petitions for review. We have jurisdiction to review both final orders of removal under 8 U.S.C. § 1252(a)(1), (b)(1). Chmielewski raises three contentions on appeal: (1) the IJ's adverse credibility determination is not supported by substantial evidence, where the IJ was consistently misled by the government concerning an unrelated pending government investigation into frivolous asylum applications, and where the IJ incorrectly weighed his testimony and incorrectly determined that Poland does not persecute homosexuals; (2) the Board improperly summarily dismissed his appeal for failure to file a brief; and (3) the Board abused its discretion in denying his motion for reconsideration. Chmielewski asserts the failure to file a separate written brief or statement was not his fault, and the motion for reconsideration should not have been denied as untimely because the government did not raise the timeliness issue. See Petitioner's Brief, at 9–10. Chmielewski seeks reinstatement of his appeal to the Board, or, in the alternative, he asks that we review his claim for asylum.

The government counters that the Board acted within its discretion when it summarily dismissed Chmielewski's appeal because he did in fact fail to submit a separate written brief or statement after checking the box on the Notice of Appeal that indicated he intended to file one. Moreover, the Board did not abuse its discretion in denying the motion for reconsideration because it was in fact untimely filed by four days.

■ We will deny the petition for review docketed at C.A. No. 09–3077. Under 8 C.F.R. § 1003.2(b)(2), a motion to reconsider must be filed within 30 days after the date of the Board's decision. See also 8 U.S.C. § 1229a(c)(6)(B). Chmielewski's motion to reconsider was received on April 20, 2009, which was more than 30 days after the Board's March 17, 2009 decision. Review of the Board's denial of a motion to reopen or motion for reconsideration is for abuse of discretion only. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002). See also Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). "Discretionary decisions of the [Board] will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law." Tipu v. Immigration & Naturalization Serv., 20 F.3d 580, 582 (3d Cir.1994) (internal quotations and citation removed). The Board's timeliness determination pursuant to 8 C.F.R. § 1003.2(b)(2) was not arbitrary, irrational, or contrary to law.

Although an alien may file either a motion for reconsideration or a motion to reopen when challenging counsel's performance, Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), and, construed as a motion to reopen, Chmielewski's April 20, 2009 submission would have been timely filed, see 8 C.F.R. § 1003.2(c)(2) ("a party may file only one motion to reopen ... (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered"), we do not fault the Board for not giving Chmielewski the benefit of the doubt with respect to how he styled his motion. Mr. Santo, in that untimely motion to reconsider, stated only that, after proceedings in Immigration Court came to an end, Chmielewski "attempted to change counsel/representation and it is unclear as to whether [his] then new appeal counsel submitted both an EOIR–27 representation form and/or brief to the BIA." A.R. 13. Mr. Santo did not argue ineffective assistance of counsel to the Board in the motion to reconsider. Nor did Chmielewski comply with the procedural require-

ments for making such a claim.[1] The Board would not have realized from the motion to reconsider that Reverend Vitaglione performed deficiently by failing to file a separate written brief or statement, as Chmielewski now asserts, *see* Petitioner's Brief, at 11–12.

Accordingly, the Board did not abuse its discretion in treating Chmielewski's motion as one for reconsideration only and denying it as untimely. Chmielewski also contends that the government opposed the motion to reconsider not on the basis of untimeliness but by arguing that *Bhiski*, 373 F.3d 363, could be distinguished. Because Chmielewski cites no authority for his assertion that the Board lacks authority to dismiss a motion to reconsider on the basis of untimeliness if the government opposes the motion on some other ground, we find no abuse of discretion in this regard either. The government did not affirmatively waive the timeliness objection or join in Chmielewski's motion. *Cf.* 8 C.F.R. § 1003.2(c)(3)(iii) (addressing jointly filed motions to reopen).

█ We turn then to the petition for review docketed at C.A. No. 09–2087, which we will also deny. The regulation provides that: "A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which: * * * (E) The party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E).

Chmielewski was warned in both Form EOIR–26 and the Board's briefing schedule Notice that summary dismissal was a possibility in the circumstance where the box indicating that a separate written brief or statement will be filed is checked and no separate written brief or statement is filed. Because Chmielewski does not challenge the regulation on due process grounds, we review the Board's application of it in his case for abuse of discretion. *See Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir.2005); *Rioja v. Ashcroft*, 317 F.3d 514, 515 (5th Cir.2003).

In support of its decision, the Board, citing 8 C.F.R. § 1003.1(d)(2)(i)(E), noted that: (1) Chmielewski checked the box on the Notice to Appeal stating that he would file a separate written brief or statement; (2) he had until April 28, 2008 to submit a separate written brief or statement in support of his appeal; (3) the record did not contain a separate written brief or statement; and (4) Chmielewski failed to offer an explanation for his failure to timely submit the promised separate written brief or statement. In his brief, Chmielewski contends that it was not his fault that no separate written brief or statement was filed on appeal to the Board, but he did not comply with the *Lozada* procedural requirements or file a timely motion to reconsider or motion to reopen with the Board alleging deficient performance by counsel or a representative. Moreover, the loss of continuity in his case appears to have been caused by the decision to retain different counsel/representation after the

---

1. The Board requires that a timely motion to reconsider or reopen based upon a claim of ineffective assistance of counsel should be supported by an affidavit that sets forth the agreement that was entered into with former counsel with respect to the actions to be taken, and former counsel must be informed of the allegations and allowed the opportunity to respond. *Matter of Lozada*, 19 I. & N. Dec. at 638. The alien must also file a complaint with the bar, but this is not an absolute requirement under *Lu v. Ashcroft*, 259 F.3d 127, 134 (3d Cir.2001).

proceedings in Immigration Court came to an end.

Chmielewski next contends that his case is not complex and his Notice of Appeal, Form EOIR–26, put the Board on notice of what was at issue in his case. *See* Petitioner's Brief, at 15–16. Having reviewed the record, we conclude that the Notice of Appeal, Form EOIR–26, does not adequately apprise the Board of the bases for the appeal. According to his Notice of Appeal, Chmielewski sought to raise a due process claim of an unfair hearing and a claim challenging the IJ's weighing of the testimony and determination that the government of Poland does not persecute on the basis of sexual orientation or acquiesce in persecution by private actors.

With respect to the claim of an unfair hearing, Chmielewski did not identify the prejudicial documents referred to in the Notice of Appeal, which the government allegedly sought to introduce, nor did he identify with any specificity what aspects of his merits hearing were unfair. The basis of this contention of an unfair hearing is not at all apparent from the administrative record. The government sought a continuance early in the proceedings due to an unspecified "pending investigation," A.R. 568, but that motion alone was insufficient to render the hearing unfair. Moreover, the IJ was thorough in her review of Chmielewski's evidence, and she issued a comprehensive, reasonable decision, which discussed the evidence and the relevant legal issues. With respect to the merits of his application for asylum, Chmielewski did not identify in his Notice of Appeal the specific facts or law that should have resulted in a reversal of the Immigration Judge. Nor did he remedy either of the deficiencies we have noted in his motion to

reconsider. We thus conclude that the Board acted within its discretion in summarily dismissing Chmielewski's appeal where he failed to submit a separate written brief or statement as he indicated he would and the Notice of Appeal failed to apprise the Board adequately of the bases for his appeal. *See Rioja,* 317 F.3d at 515.[2]

Chmielewski contends that, under *Bhiski,* 373 F.3d 363, a brief is optional rather than mandatory, but the Board's summary dismissal procedure only applies where the alien checks the box indicating that he intends to file a separate written brief or statement and then does not follow through. In *Bhiski,* we considered whether the alien properly exhausted his administrative remedies where he did not file a separate written brief or statement. We held that the alien exhausted his administrative remedies by stating his issue adequately in his Notice to Appeal, and we therefore did not lack jurisdiction over the petition for review. 373 F.3d at 367. *Bhiski* thus concerned the adequacy of an alien's efforts to exhaust his administrative remedies and our jurisdiction over his petition for review, *see id.* at 368. It did not concern the Board's discretion to summarily dismiss an appeal on procedural grounds, and thus is inapposite.

For the foregoing reasons, we will deny the consolidated petitions for review.

---

2. In addition, we are not empowered to conduct the de novo inquiry Chmielewski seeks. *See, e.g., Gonzales v. Thomas,* 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam).