GLD-192                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1418
_____

JOSE LUIS ARRIAZA-LEMUS,
                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                  Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-244-702)
Immigration Judge:  Honorable Dorothy Harbeck
_____

Submitted on the Motion for a Stay of Removal
and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: April 24, 2013)
_____

OPINION
_____

PER CURIAM

The Government charged Jose Luis Arriaza-Lemus, a native and citizen of

Guatemala, as removable for being present in the United States without having been

admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Arriaza-Lemus conceded the charge and sought cancellation of removal. See 8 U.S.C. § 1229b(b). The Immigration Judge ("IJ") denied his application, concluding that he had not shown that a qualifying relative would suffer exceptional and extremely unusual hardship from his removal. See id. at § 1229b(b)(1)(D).

Arriaza-Lemus, through counsel, filed a timely appeal with the Board of Immigration Appeals ("BIA"). In his accompanying "reasons for appeal," he argued that the IJ's decision was wrong because he had met his burden to show eligibility for asylum. A.R. 37. He also indicated his intention to file a separate written brief or statement. A.R. 35. His counsel requested, and was granted, an extension of time to file a brief. A.R. 9, 7. She appears to have tried to submit a brief after the deadline had passed, but, after it was rejected, she did not resubmit it with a "motion for consideration of [a] late-filed brief" that the BIA advised was necessary. A.R. 5. The BIA summarily dismissed the appeal, discussing what had occurred since the IJ ruled and noting that Arriaza-Lemus had never filed a brief and had not "meaningfully apprise[d]" the BIA of the basis for his appeal. A.R. 3 (also citing 8 C.F.R. §§ 1003.1(d)(2)(i)(A), (E)).

Arriaza-Lemus filed a petition for review and a motion for a stay of removal. In support of his motion, he contends that the BIA "did not follow the precedents of the [BIA] regarding hardship." The Government opposes the stay motion and moves to summarily deny the petition.

2

First, to the extent that Arriaza-Lemus challenges the ruling on cancellation of removal, we lack jurisdiction to consider the discretionary decision, including the "exceptional and extremely unusual" hardship determination on which it was based.[1] See 8 U.S.C. § 1252(a)(2)(B)(i); Patel v. Att'y Gen. of the U.S., 619 F.3d 230, 232 (3d Cir. 2010).

Because we retain jurisdiction to review constitutional claims or issues of law, see 8 U.S.C. § 1252(a))(2)(D); Patel, 619 F.3d at 232, we will consider the only other apparent issue, whether the BIA erred in summarily dismissing Arriaza-Lemus's agency appeal for failing to specify the reasons for the appeal, 8 C.F.R. § 1003.1(d)(2)(i)(A), and for failing to file a brief or statement in support of the appeal (or to provide a reasonable explanation for not filing one) after indicating on the notice of appeal that such a brief or statement would be forthcoming, 8 C.F.R. § 1003.1(d)(2)(i)(E). Because Arriaza-Lemus presents no due process challenge to the regulation, we will review this aspect of the BIA's decision for abuse of discretion. See Singh v. Gonzales, 416 F.3d 1006, 1009 (9th Cir. 2005); Rioja v. Ashcroft, 317 F.3d 514, 515 (5th Cir. 2003).

We conclude that the BIA's decision was not "arbitrary, irrational, or contrary to law." Barker v. Ashcroft, 382 F.3d 313, 316 (3d Cir. 2003) (citation and quotation marks omitted). Arriaza-Lemus, who was represented by counsel, did not apprise the BIA of the grounds for his appeal. Although he applied for, and was denied, cancellation of

---

[1] We nonetheless note that the BIA, in deciding the appeal on procedural grounds, did not interpret precedents regarding hardship.

3

removal, he cited standards and cases relating to asylum in his notice of appeal. Then, despite indicating that he would file a brief or statement in support of his appeal (and being warned that the failure to file one could subject his appeal to dismissal), he never filed a timely brief.[2] For these reasons, we see no abuse of discretion in the application of the pertinent regulations to Arriaza-Lemus's administrative appeal.

In sum, we dismiss this petition to the extent Arriaza-Lemus seeks to challenge an unreviewable decision. To the extent we have jurisdiction over this petition, we conclude that it presents no substantial issue, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, and we deny it. The Government's motion for summary action is granted. Arriaza-Lemus's motion for a stay of removal is denied.

---

[2] Although he (through counsel) tried to submit one after the extended deadline had passed, he took no further action after it was rejected. Despite being notified of the requirement, and despite the long passage of time between the notice and the BIA's ultimate ruling, he never filed a motion for consideration of a late-filed brief to explain why he did not meet the deadline.