**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3985
_____

OMAR ALEXANDER CASTILLO-PONCE,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A088-649-274)
Immigration Judge: Hon. Miriam K. Mills
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 14, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, Circuit Judges, and SIMANDLE, Chief
District Judge.*

(Filed: April 18, 2017)

_____

OPINION**
_____

_____

* Honorable Jerome B. Simandle, Chief District Judge of the United States District
Court for the District of New Jersey, sitting by designation.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Omar Alexander Castillo-Ponce petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily dismissing his appeal from an order of the Immigration Judge ("IJ") which denied him withholding of removal under 8 U.S.C. §§ 1158 and 1231(b)(3) and relief under the Convention Against Torture ("CAT"). Because the BIA did not abuse its discretion in summarily dismissing his appeal, we will deny the petition.

I

Castillo-Ponce is a native of Honduras. He claims a gang attempted to force him into gang activity when he lived there. On one occasion, a gang attacked him, his brother, and a friend with machetes, and his friend was killed. He and his brother reported the attack to the police, and gang members threatened to retaliate against him for reporting the incident. According to Castillo-Ponce, the police took no action to protect them. He thereafter left Honduras and entered the United States without inspection in 2002.

In 2008, Castillo-Ponce was arrested for public drunkenness, and the Department of Homeland Security served him with a notice to appear charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). He conceded his removability and sought asylum, withholding of removal, and relief under the CAT arguing, among other things, that he was a member of a particular social group ("PSG") of persons who have resisted gang activity. In a 2010 order, the IJ found him removable, and that he (1) was not eligible for asylum because he did not establish extraordinary circumstances to excuse his failure to

2

file an asylum application within one year of arrival, (2) was not eligible for withholding of removal since he did not establish past or a well-founded fear of future persecution based on his membership in a PSG, and (3) was not entitled to CAT relief because he did not show a clear probability that he would be tortured with government acquiescence. The BIA agreed with the IJ, ordered Castillo-Ponce removed to Honduras, and dismissed the appeal.

Castillo-Ponce petitioned this Court for review. We granted the Government's unopposed motion to remand for the BIA to re-examine whether Castillo-Ponce is a member of a cognizable PSG under Valdiviezo-Galdamez v. Attorney General of the United States, 663 F.3d 582 (3d Cir. 2011). Order, Castillo-Ponce v. Att'y Gen. of the U.S., No. 11-3536 (3d Cir. Apr. 5, 2012). On remand, Castillo-Ponce argued, among other things, that he was a member of a cognizable PSG, namely persons who resisted gang membership. The BIA remanded to the IJ to develop the record and to address whether Castillo-Ponce was a member of a PSG under Valdiviezo-Galdamez.

After a hearing, the IJ again found that Castillo-Ponce was not a member of a PSG and that he failed to establish that he would more likely than not be tortured by gang members with the acquiescence of the government if he were to return to Honduras.

Castillo-Ponce appealed to the BIA. The form Notice of Appeal (Form EOIR-26) required that he "[s]tate in detail the reason(s) for this appeal," App. II at 34; A.R. 29, and he wrote that:

> Respondent had previously appealed the IJ's denial of I-589 relief based on gang-resistor particular social group (PSG). The BIA dismissed and Respondent appealed to the Third Circuit. Following issuance of

Valdiviezo-Galdamez, the Third Circuit remanded to the BIA. The BIA remanded to the IJ. In the interim, the BIA issued Matter of M-E-V-G-. Based on M-E-V-G's confirmation of Matter of S-E-G-, the IJ confirmed her prior decision. Respondent claims error in IJ's denial of his PSG.

App. II at 34; A.R. 29. The form also included the following:

> **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the [IJ]'s decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statement attached to this Notice of Appeal, why you are appealing.

App. II at 34; A.R. 29 (emphasis in original). In addition, the form asks if the petitioner intends to file a brief to which he responded "Yes." App. II at 34; A.R. 29. The form warned that:

> If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

App. II at 34; A.R. 29.

A briefing schedule was issued, setting November 20, 2014, as the deadline for Castillo-Ponce to file his brief and further warning that:

> If you indicate on the Notice of Appeal . . . that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal.

A.R. 5. Castillo-Ponce moved for, and was granted an extension to file his brief until December 11, 2014, and the amended briefing schedule again notified him that his case could be summarily dismissed if a brief was not filed. Castillo-Ponce did not file a brief or explain why none was submitted.

4

The BIA summarily dismissed Castillo-Ponce's appeal because: (1) the Notice of Appeal "d[id] not contain any statements that meaningfully apprise[d] the Board of specific reasons underlying the challenge to the [IJ]'s decision"; and (2) he did not file a separate brief or explain why he failed to do so. App. I at 4; A.R. 3. Castillo-Ponce petitions for review.

II[1]

We must decide whether the BIA acted properly in summarily dismissing Castillo-Ponce's appeal. We review the BIA's summary dismissal of an appeal for abuse of discretion. See Singh v. Gonzales, 416 F.3d 1006, 1009 (9th Cir. 2005); Rioja v. Ashcroft, 317 F.3d 514, 515 (5th Cir. 2003). "Discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, irrational or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (citation and internal quotation marks omitted).

The BIA regulations require an appealing party to "identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto," as well as to "identify the findings of fact, the conclusions of law, or both, that are being challenged." 8 C.F.R. § 1003.3(b). The BIA "may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he party concerned fails to specify the reasons for the appeal on Form EOIR-26 . . . (Notice[ ] of Appeal) or other document filed therewith." Id. § 1003.1(d)(2)(i)(A). The BIA may also summarily dismiss an appeal if "[t]he party concerned indicates on Form EOIR-26 . . . that he or she will file a brief or statement in

[1] The IJ had jurisdiction pursuant to 8 C.F.R. § 1240.1(a), and the BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." Id. § 1003.1(d)(2)(i)(E).

The BIA acted within its discretion when it summarily dismissed Castillo-Ponce's appeal pursuant to § 1003.1(d)(2)(i)(A) and (E) because he did not specify the reasons for his appeal in his Notice of Appeal and did not timely file a brief or statement or explain his failure to do so.

First, in his Notice of Appeal, Castillo-Ponce only briefly covered the procedural history of his case; mentioned the BIA's decisions in Matter of S-E-G-, 24 I. & N. Dec. 579 (B.I.A. 2008), and Matter of M-E-V-G-, 26 I. & N. Dec. 227 (B.I.A. 2014), on which the IJ relied in its 2014 order; and stated that he "claims error in [the] IJ's denial of his PSG." App. II at 34; A.R. 29. Although the BIA was likely aware of the general issues involved in his case based on our remand order, and Castillo-Ponce's briefs on remand to the BIA and IJ concerning his claimed PSG, the BIA is not required to scour the record and guess what errors Castillo-Ponce believed the IJ committed. Because the regulations notified Castillo-Ponce that he was required to set forth his reasons for the appeal and identify the factual findings or legal conclusions he contested, and he failed to do so, we cannot say that the BIA abused its discretion by summarily dismissing his appeal on the ground that his Notice of Appeal was deficient. See Singh v. Ashcroft, 361 F.3d 1152, 1157 (9th Cir. 2004) ("In cases where the petitioner's description of the grounds for appeal in the Notice of Appeal lacks the requisite specificity, we have consistently upheld the BIA's exercise of this authority [to summarily dismiss an appeal].").

Second, the BIA acted properly in summarily dismissing the appeal because § 1003.1(d)(2)(i)(E) authorizes the BIA to summarily dismiss an appeal based on an appellant's failure to file a brief or statement or explain why he failed to do so. Castillo-Ponce indicated that he intended to file a brief and received several warnings that his appeal could be summarily dismissed if he did not. Given the regulation, warnings, and Castillo-Ponce's failure to file a brief or provide an explanation for why he did not do so, we cannot say that the BIA's summary dismissal was an abuse of discretion. See Rioja, 317 F.3d at 515-16 ("The BIA was within its statutorily designated discretion to summarily dismiss [petitioner's] appeal after he indicated on the notice of appeal form that a separate brief or statement would be filed and then failed to submit such brief or statement before the filing deadline.").

## III

For the foregoing reasons, we will deny the petition.