# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2021

Lyle W. Cayce
Clerk

No. 20-60155
Summary Calendar

---

Brayan Omar Zuniga,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096-180-624

---

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Brayan Omar Zuniga, a native and citizen of Honduras, petitioned for review of an order entered by the Board of Immigration Appeals (BIA) summarily dismissing his appeal from the immigration judge's (IJ) denial of his motion to reopen *sua sponte*. Zuniga contends that because the notice of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60155

appeal (NOA) was sufficiently specific to apprise the BIA of his reasons for challenging the IJ's decision, the BIA abused its discretion by summarily dismissing the appeal based on the NOA's insufficiency and Zuniga's failure to file a supporting brief or statement.

The BIA may summarily dismiss an appeal if the concerned party either "fails to specify the reasons for the appeal on [the NOA form] or other document filed therewith," 8 C.F.R. § 1003.1(d)(2)(i)(A), or "indicates on [the NOA] that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing," § 1003.1(d)(2)(i)(E). We review summary dismissals by the BIA for abuse of discretion. *Rioja v. Ashcroft*, 317 F.3d 514, 515 (5th Cir. 2003).

Zuniga does not dispute, and the record clearly supports, that he indicated in his NOA his intention to file a separate written brief or statement but failed either timely to do so or reasonably explain his failure to do so. We have recognized that the BIA may summarily dismiss an administrative appeal solely for failure to file a brief or provide a reasonable explanation for the failure under § 1003.1(d)(2)(i)(E). *Id.* at 516 (noting that we "need not consider whether the BIA abused its discretion by summarily dismissing [petitioner's] appeal for failing to apprise the BIA adequately of the bases for his appeal"). The BIA therefore did not abuse its discretion by summarily dismissing Zuniga's appeal. *See id.*

Finally, to the extent Zuniga challenges the merits of the IJ's underlying order denying *sua sponte* reopening, we lack jurisdiction to consider the argument. *See Townsend v. INS*, 799 F.2d 179, 181–82 (5th Cir. 1986).

PETITION DENIED IN PART, DISMISSED IN PART.