**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-1420 and 20-2472
_____

MARCOS LOPEZ-BELTRAN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-242-926)
Immigration Judge: Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2021
Before: GREENAWAY, JR., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: March 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

Marcos Lopez-Beltran petitions for review of two orders issued by the Board of

Immigration Appeals (BIA), the first summarily dismissing his appeal and the second

denying his motion to reopen. We will deny both petitions.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Lopez-Beltran, a citizen of Mexico, entered the United States in 1988 when he was an infant, left three years later, then returned in 2007 when he was 18. In 2009, the Department of Homeland Security served him with a Notice to Appear (NTA) charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), which authorizes removal of aliens unlawfully present in the United States. Through counsel, he conceded the charge. From 2009 until 2018, the Immigration Judge (IJ) administering the case granted several continuances while petitioner pursued different forms of relief, but in April 2018, the IJ denied petitioner's request for another continuance and entered an order of removal.[1]

Lopez-Beltran appealed to the BIA. The BIA summarily dismissed it because the notice of appeal did not lay out specific reasons for his challenge to the IJ's decision, and he failed to file a brief or explain why he did not. See BIA Dec. 12/6/19. Lopez-Beltran filed a timely, pro se petition for review in the Ninth Circuit, and it was transferred to this Court because removal proceedings occurred in New Jersey. The docketing of that petition opened C.A. No. 20-1420. In the meantime, Lopez-Beltran filed a timely motion to reopen in the BIA, which was denied. See BIA Dec. 6/15/20. Lopez-Beltran

---

constitute binding precedent.

[1] Lopez-Beltran unsuccessfully applied to secure relief under the Deferred Action for Childhood Arrivals (DACA) program. Lopez-Beltran then married an asylee who had applied for U.S. citizenship. Lopez-Beltran's wife filed a Form I-130, Petition for Alien Relative, on his behalf. An approved Form I-130 can confirm that an alien is the spouse of a United States citizen and is a step in obtaining a "green card." Apparently, his hope was that, once he obtained an approved Form I-130, he could seek to administratively terminate removal proceedings in order to file a Form I-601A and obtain a "provisional unlawful presence waiver." See A.R. at 85.

2

petitioned for review of the BIA's order, which opened C.A. No. 20-2472. The two petitions are consolidated for disposition.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1), which includes the power to review the denial of a motion to reopen in this circumstance. See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). We review the BIA's summary dismissal of an appeal as well as the denial of a motion to reopen removal proceedings for an abuse of discretion. See Uddin v. Att'y Gen., 870 F.3d 282, 288 (3d Cir. 2017); Alzaarir v. Att'y Gen., 639 F.3d 86, 89 (3d Cir. 2011). The BIA's discretionary decision will not be disturbed "unless it is found to be arbitrary, irrational, or contrary to law." Id. (citing Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

**C.A. No. 20-1420**

We conclude that the BIA did not abuse its discretion in summarily dismissing this appeal. To avoid summary dismissal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), the party bringing the agency appeal "must identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto." 8 C.F.R. § 1003.3(b). "The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." Id. In addition, the regulations provide that the BIA may summarily dismiss an appeal when the alien "indicates on Form EOIR–26 . . . that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(E); see Zheng v. Gonzales, 422 F.3d 98, 105 (3d Cir. 2005).

3

Counsel filed a timely appeal on Lopez-Beltran's behalf in the BIA using the agency's standard appeal form, EOIR-26, which includes warnings about the potential for summary dismissal for not specifying the basis for the appeal or for not filing a brief after representing that one would be filed.[2]  In the section directing the appellant to identify the reasons for the appeal (question 6), counsel stated:  "The Immigration Judge erred in denying the Respondent's motion to continue removal proceedings and ordering him removed from the United States."  A.R. at 69.  Below that, Lopez-Beltran's attorney checked the "Yes" box in response to question 8, "Do you intend to file a separate written brief or statement after filing this Notice of Appeal?"  Id.  Months later, the BIA sent petitioner's counsel the briefing schedule which also contained a warning about the consequence for failing to file a brief.[3]  Lopez-Beltran's counsel did not file a brief or statement in support of his appeal.

The BIA did not abuse its discretion for summarily dismissing for Petitioner's failure to specify the ground for his appeal, where, in his notice of appeal to the BIA,

---

[2] For instance, the appeal form provides:  "WARNING: You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision.  The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal . . . why you are appealing."  A.R. at 69.  It also states that "[i]f you mark "Yes" … [to indicate the intention to file a brief] you will be expected to file a written brief or statement . . . .  The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set []."  Id.

[3] Namely, that "[i]f you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail to file [it] within the time set for filing . . . the Board may summarily dismiss your appeal."  A.R. at 64.

4

with notice of the potential consequences, Petitioner merely argued that the IJ erred. See

Uddin, 870 F.3d at 288; 8 C.F.R. § 1003.1(d)(2)(i)(A); A.R. at 69. Petitioner himself

does not now claim that his statement was adequate. As for the failure to file a brief,

Lopez-Beltran concedes that "for reasons unknown to the Petitioner, his prior counsel

failed to file a brief with the BIA." Petitioner's Informal Br. in No. 20-1420 (ECF No.

12) at 3. We cannot find an abuse of discretion where, contrary to the regulations, and

despite the warnings contained in the Form EOIR-26 and the briefing notice, no brief was

filed after one was promised. See Rioja v. Ashcroft, 317 F.3d 514, 515-16 (5th Cir.

2003) (per curiam); 8 C.F.R. § 1003.1(d)(2)(i)(E); A.R. at 64, 69.[4]

**C.A. No. 20-2472**

We also find that the BIA did not err by denying Lopez-Beltran's motion to

reopen. The BIA may deny a motion to reopen if "(1) the alien has not established a

---

[4] We note that petitioner's counsel entered an appearance in the BIA when he filed the appeal in April 2018, and, as far as we can tell, never filed a motion to withdraw. See A.R. at 73. He was still counsel of record when the briefing notice issued, and the notice contained counsel's address—not petitioner's. See A.R. at 64. Nevertheless, petitioner stated that he had not filed a complaint against his former counsel, and that he has not established a prima facie case for ineffective assistance of counsel under In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). Petitioner's Informal Br. in No. 20-1420 (ECF No. 12) at 3-4. Absent a Lozada claim brought before the agency first, we cannot entertain a request for relief due to the failures of counsel. The circumstances of counsel's failure to follow through on his representation to his client are not apparent on this record, but the consequences are significant and troubling. Counsel, Jayson M. DiMaria, is reminded of his professional and ethical obligations to his clients and that disregard of those obligations may result in disciplinary action. See Model Code of Prof'l Conduct r. 1.1 (competence); r. 1.3 (diligence); r. 1.16 (terminating representation); and r. 8.3 (notification of violation of rules) (Am. Bar Ass'n 2020).

prima facie case for the relief sought; (2) the alien has not introduced previously unavailable, material evidence; or (3) in the case of discretionary relief . . ., the alien would not be entitled to relief even if the motion was granted." Huang v. Att'y Gen. U.S., 620 F.3d 372, 389 (3d Cir. 2010) (citations and internal quotation marks omitted).[5]  In order to establish a prima facie case for cancellation of removal, Lopez-Beltran needed to provide objective evidence demonstrating "a 'reasonable likelihood' that he can establish [that he is entitled to relief]."  Guo, 386 F.3d at 563 (quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002)).  The evidence provided "must be shown to have been unavailable and undiscoverable during the previous proceeding."  Gen Lin v. Att'y Gen. U.S., 700 F.3d 683, 686 (3d Cir. 2012) (citing 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii)).  When the BIA has denied reopening on prima facie case grounds, we will review the findings of fact for substantial evidence and the ultimate conclusion for an abuse of discretion.  See Sevoian, 290 F.3d at 174.  We keep in mind that the agency grants motions to reopen proceedings "only under compelling circumstances."  Shardar v. Att'y Gen. U.S., 503 F.3d 308, 313 (3d Cir. 2007) (citation and quotation marks omitted).

---

[5]  To be eligible for cancellation of removal, a nonpermanent resident must demonstrate physical presence in the United States "for a continuous period of not less than 10 years immediately preceding the date of such application," good moral character, no disqualifying convictions, and that "removal would result in exceptional and extremely unusual hardship" to the alien's citizen or lawful permanent resident spouse, parent or child.  8 U.S.C. § 1229b(b)(1)(A)-(D).  And, if a nonpermanent resident is served with an NTA, that serves to "stop-time" and the "continuous physical presence" is deemed to end.  8 U.S.C. § 1229b(d)(1).

In his motion to reopen, Lopez-Beltran argued that the NTA issued by DHS was defective and did not "stop time" for the purposes of his cancellation application, see Pereira v. Sessions, 138 S. Ct. 2105, 2114 (2018) (holding that an NTA must include the time and place of removal proceedings to trigger the "stop time" rule); Guadalupe v. Att'y Gen. U.S., 951 F.3d 161, 164 (3d Cir. 2020) ("[A] defective NTA may not be cured by a subsequent Notice of Hearing, containing the omitted information").[6] The BIA stated that the Pereira argument "had merit," and, further, that Lopez-Beltran "does appear to have the continuous physical presence required for cancellation of removal." BIA Dec. 6/15/20 at 1. It also acknowledged that petitioner provided evidence that he had the necessary qualifying relatives for cancellation. Id. The flaw with petitioner's motion, according to the BIA, was that "he has not provided evidence of hardship, and thus, prima facie eligibility." Id. The BIA continued that "[t]herefore, the respondent has not submitted persuasive new or previously unavailable evidence that is sufficient to meet his 'heavy burden' of showing that it is likely that the result would change if the proceedings were reopened." Id.

While Lopez-Beltran generally stated on the cancellation form and in his motion to reopen that his family would suffer exceptional hardship, he did not discuss specifics or provide any objective, new evidence to support his assertions. See Gen Lin, 700 F.3d at 686; see also Guo, 386 F.3d at 563 n.7 (stating that, in addition to other relevant

_____

[6] The U.S. Supreme Court has granted certiorari on the issue of whether a subsequent notice of hearing can cure a defective NTA. See Niz-Chavez v. Barr, 141 S. Ct. 84

evidence in the record, "*[p]rima facie* scrutiny entails consideration of the evidence that accompanies the motion") (citation and internal quotation marks omitted).  Lopez-Beltran now argues that he stated in his application that his wife is not employed, receives state healthcare for low-income residents, that he makes approximately $490 per week, and that their joint assets total $650.  See A.R. at 41, 43, 42.  However, while he did provide those answers, he did not connect them to his exceptional hardship contention, demonstrate how these facts were new, nor provide any documentation or sworn statements in support.  Upon review, we conclude that the BIA's ruling that Lopez-Beltran did not establish a prima facie case for cancellation of removal is supported by substantial evidence and was not an abuse of its discretion.  See Sevoian, 290 F.3d at 174.

In light of the above, we will deny the petitions for review.[7]

---

(2020).

[7] The Clerk is instructed to send a copy of this Opinion to the DiMaria Law Firm at the last address indicated in the record.