# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2021

Lyle W. Cayce
Clerk

No. 20-60525
Summary Calendar

TALAL SALEH ABDO ROWAID, *also known as* TELEL ROWID, *also known as* TELAL SALEH ROWAID, *also known as* RANDY NAGI, *also known as* ALI NAGI, *also known as* RANDY ALI MOHAMMAD, *also known as* NAJI ALI MOHAMMAD,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A055 780 083

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Talal Saleh Abdo Rowaid, a native and citizen of Yemen, petitions for review of an order by the Board of Immigration Appeals (BIA) summarily

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

dismissing his appeal from the denial of his applications for applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We can review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). To exhaust administrative remedies, the petitioner must first raise the issue before the BIA "either on direct appeal or in a motion to reopen." *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

The BIA summarily dismissed Rowaid's appeal of the denial of his applications for asylum, withholding of removal, and protection under the CAT, pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(G), because it was not filed within the 30-day time limit for such appeals. Rowaid does not argue that the summary dismissal was improper and has thus abandoned this issue. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Even if Rowaid had not abandoned the issue, we review a summary dismissal for an abuse of discretion. *Rioja v. Ashcroft*, 317 F.3d 514, 515 (5th Cir. 2003). The BIA did not abuse its discretion by summarily dismissing the appeal because it was not filed within the specified period. *See Townsend v. U.S. Dep't of Justice I.N.S.*, 799 F.2d 179, 181-82 (5th Cir. 1986).

Accordingly, the respondent's motion to dismiss the appeal is GRANTED, and Rowaid's petition for review is DISMISSED. Rowaid's motion for appointment of counsel is DENIED.